[Civ. No. 16259. First Dist., Div. Two. June 21, 1955.]

HAZEL SHEARER, Appellant, v. UNITED CALIFORNIA THEATRES et al., Defendants; PAUL RELEI et al., Respondents.

E. C. Mahoney for Appellant.

William Nagle, Jr., for Respondents.

KAUFMAN, J.—This is an appeal by plaintiff Hazel Shearer, from a summary judgment which was entered in favor of cross-defendants Relei and White, and against cross-complainants Bayshore Amusement Company, Inc., the defendants in the main action. No appeal has been taken by cross-complainants.

Plaintiff and appellant Hazel Shearer filed a complaint on November 1, 1951, for. damages for personal injuries sustained on September 2, 1951, when she fell through an open hatch in the balcony of a theatre operated by the Bayshore Amusement Company. She was a business invitee at the time. The complaint named the United California Theaters, a Corporation, First Doe and Second Doe, doing business as State Theater, as defendants, and alleged that said defendants were owners, operators and lessees of State Theater.

On May 19, 1952, defendant theater filed a cross-complaint against Paul Relei and C. White, individually and as partners doing business as Relei Electric Company alleging that if any damage was caused to plaintiff it was the sole responsibility of cross-defendant which cross-complainants had employed as independent contractors to do certain electrical work on their premises and requested reimbursement from cross-defendants for any damages that might be assessed against cross-complainants in the main action. On September 3, 1952, cross-defendants filed an answer generally denying liability and alleging that Relei Electric Company was a corporation.

On October 7, 1952, plaintiff Shearer and defendants, Bayshore Amusement Company and United California Theaters entered into an agreement under which Hazel Shearer received $1,000 as consideration for covenanting not to prosecute the suit pending against said defendants, not to have any default entered against them, nor to execute on any judgment in the event any judgment should be rendered against them. It was recited that the agreement was a covenant not to sue, and was not a release of any cause of action which plaintiff might have against these defendants or any other persons. Appellant asserts in her brief that this agreement

was negotiated with the understanding that the theater was only secondarily liable for the damage suffered and that said defendants would aid plaintiff in carrying on her case against Relei Electric Company, and that the theater turned over to her its files pertaining to the investigation of the accident and promised to aid in the further prosecution of the action.

The case was set for trial for December 10, 1952, and continued to February 16, 1953.

On February 9, 1953, appellant filed an amended complaint substituting Relei Electric Company as a defendant in place of First Doe. On March 5, 1953, a demurrer to the amended complaint was sustained without leave to amend on the ground that the original complaint named defendants Doe only as "owners, operators and lessees" of the theater, whereas the amended complaint attempted to substitute an independent contractor as a defendant more than a year after the occurrence of the accident. (*Day* v. *Western Loan & Bldg. Co.*, 42 Cal.App.2d 226, 235 [108 P.2d 702]; *McKnight* v. *Gilzean*, 29 Cal.App.2d 218 [84 P.2d 213].) The amended complaint was stricken from the files. Thereafter respondents amended their answer, and made a motion for judgment on the pleadings which was denied. They then moved for a separate trial on the special defenses to the cross-complaint which was granted. Before hearing, however, respondents filed a motion for summary judgment on the ground that the cross-action was not meritorious and that no basis for relief existed. The notice of motion was accompanied by the affidavit of respondents' counsel which related the execution of the covenant not to sue between the parties to the main action, and incorporated a copy of that document, and alleged that in view of the execution of the covenant, no issue remained on the cross-complaint. The motion for summary judgment was granted and the cross-complaint stricken on December 21, 1953.

On February 11, 1953, plaintiff and appellant filed notice of appeal, reciting that she appealed from the judgment in favor of cross-defendants and against plaintiff. It is to be noted, however, that the summary judgment is simply in favor of cross-defendants and against cross-complainants, and that plaintiff is not referred to in that judgment.

It is clear that no judgment was rendered against plaintiff and appellant herein, but simply against the cross-complainants, the defendants in the main action who are not parties to this appeal. In *Stanley* v. *Robert S. Odell & Co.*,

97 Cal.App.2d 521 [218 P.2d 162], it was held that parties in the action who were not also parties to the cross-complaint had no right of appeal from the portions of the judgment disposing of the issues solely presented by the cross-complaint, and such appeals were dismissed.

The above cited decision would appear to be determinative of the appeal now before the court, for as plaintiff and appellant was not a party to the cross-action between cross-complainants and cross-defendants on which the judgment herein was rendered, she cannot be a party aggrieved by that judgment.

She contends, however, that the allegation in the cross-complaint which stated that cross-defendants were solely liable, put the cross-defendants into the action for all purposes, so that plaintiff could recover a judgment against them. She contends that the rule in New York is that a defendant may join another party who is partly or wholly liable for the claim of plaintiff and when such party is joined he automatically becomes a defendant in the action. But appellant admits that the statutes in New York and California are not identical. In this state the plaintiff may move to join a doubtful defendant. (Code Civ. Proc., § 379c.)

Appellant contends that she did not know that there was another party liable to her until the cross-complaint was filed. However, the cross-complaint was filed on May 19, 1952, some three and one-half months before the one year period following the accident had expired. Nevertheless, appellant did not attempt to join respondent cross-defendants as defendants in the action until November 24, 1953, more than one and one-half years after the filing of the cross-complaint which was certainly notice to plaintiff that she might have a cause of action against respondents.

Regardless of what the rule may be in other jurisdictions, it appears to be settled in this state that cross-actions are distinct and independent causes of action. In *Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179 [25 P.2d 983, 90 A.L.R. 384], it was said that in such cross-action "the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time a plaintiff and a defendant." If they are so regarded where cross-complainants and cross-defendants are plaintiffs and defendants in the main action, they most certainly must be so regarded where cross-defendants are new parties to the pro-

ceeding who are brought in after service of summons upon them. (Code Civ. Proc., § 442.)

In *Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, 603 [220 P.2d 912], the language above referred to in the Pacific Finance Corporation case was cited with approval. The rule was reiterated in *Douglas* v. *Superior Court*, 94 Cal.App.2d 395, 398 [210 P.2d 853], when the court pointed out that the issues joined upon a cross-complaint "are completely severable from the issues upon the original complaint and answer." This rule has been adhered to in cases involving mandatory dismissals under section 583 of the Code of Civil Procedure, the cross-action being regarded as a proceeding distinct from the main action.

In view of these holdings we cannot see how appellant can contend that the filing of the cross-complaint by defendant could make the new parties, the cross-defendants, defendants in plaintiff's action which did not refer to them in any way. She cannot claim that they were one of the Does, for her complaint named Does only as "owners, operators and lessees of a certain motion picture theater." Hence, the filing of the cross-complaint could not toll the running of the statute of limitations simply because the cross-complainants alleged that cross-defendants were solely liable for the accident, for their only claim against the cross-defendants was based on an alleged right to indemnification for damages that might be assessed against cross-complainants in the main action.

Appellant also asserts that error was committed in denying a motion to add cross-defendants as a necessary party as of the date of filing the cross-complaint. This motion was not filed until November 24, 1953, several days after the filing of the notice of motion for summary judgment, and as noted above, more than a year and a half after the filing of the cross-complaint. Clearly there was no abuse of discretion in denying the motion to join Relei Electric Company as a necessary party long after the statute of limitations had run against any cause of action plaintiff might have had against it.

No abuse of discretion is shown in the granting of the summary judgment against cross-complainants, even if it should be assumed that appellant herein had the right to complain of this judgment. The trial judge properly concluded that the claim which cross-complainants attempted to assert against cross-defendants was one for indemnification for any judgment of damages that might be rendered against them in favor of plaintiff. Since cross-complainants' contract with

plaintiff guaranteed that plaintiff would not prosecute the action to judgment, or that if in the event there should be a judgment entered, plaintiff would not levy execution thereon or make any demand upon cross-complainants, obviously there was nothing on which cross-complainants could base a claim of indemnification. (See 13 Cal. Jur. 991; Civ. Code, § 2778, subd. (2).) There clearly was no triable issue of fact remaining to be tried between cross-complainants and cross-defendants and the summary judgment was properly granted. (See *Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244].)

In view of the foregoing, appellant's appeal must be dismissed.

Appeal dismissed.

Nourse, P. J., concurred.

DOOLING, J.—I concur in the order dismissing the appeal on the stated ground that appellant is not a party to the cross-complaint. Since no proper appeal is before us we are without jurisdiction of the case. For this reason any discussion of the merits is out of place and I refrain from joining in that part of the opinion.