[Civ. No. 36772. Second Dist., Div. Three. Aug. 26, 1971.]

MICHELE WALKER, Plaintiff and Appellant, v.
STAUFFER CHEMICAL CORPORATION, Defendant and Respondent.

**COUNSEL**

Milton Sidley for Plaintiff and Appellant.

Hagenbaugh, Murphy & Davies, William D. Stewart and John F. Mounier, Jr., for Defendant and Respondent.

**OPINION**

**ALLPORT, J.**—In a complaint alleging negligence and breach of warranty plaintiff seeks damages for personal injuries against defendants Mueller,

Joe Fazio, dba Standard Chemway Co., Stauffer Chemical Corp., and others. On motion of Stauffer a summary judgment was entered in its favor. Plaintiff has appealed from that judgment. ■ We have concluded that the appeal lies even though the judgment is not final as to the rights of all of the parties to the litigation. (Code Civ. Proc., § § 437c, 904.1; *Wilson* v. *Sharp,* 42 Cal.2d 675, 677 [268 P.2d 1062]; *County of Los Angeles* v. *Stone,* 198 Cal.App.2d 640, 645 [18 Cal.Rptr. 72].)

The summary disposition of this action was based upon the pleadings, declarations of attorneys for Stauffer and plaintiff, as well as upon answers to interrogatories made by plaintiff and codefendant Fazio. The trial court concluded there was no triable issue of fact with respect to defendant Stauffer and ordered that judgment be entered in its favor as a matter of law. We find no error in such a determination of the matter.

It appears without conflict that plaintiff, a tenant of premises owned and maintained by defendant Mueller, was injured as the result of the explosion of a drain cleaning product known as Clear-All furnished for her use by Mueller. Clear-All alleged to be a highly dangerous volatile substance, contained 50 percent sulfuric acid and 50 percent alkaline base. The label on the Clear-All container stated, among other things, that the product contained sulfuric acid and enunciated certain warnings and antidotes with respect to its use. Clear-All was compounded, packaged and distributed to the public by Fazio through wholesale and retail outlets. Fazio purchased the sulfuric acid from two sources—Stauffer and Los Angeles Chemical Company. This had been going on over a period of some 10 years. Each delivery of acid was checked for consistency and strength by a chemist using standard tests and testing procedures. At no time did these tests reveal the acid to be defective in any way. There was no method of determining whose acid was actually used in the bottle of Clear-All furnished to plaintiff. It could have been either that of Stauffer or Los Angeles Chemical. For our purpose we assume that of Stauffer was used.

The third and fourth causes of action of the unverified complaint are directed at defendant Stauffer. It is therein alleged that Stauffer warranted that the acid was suitable for the purpose for which it was intended to be used as well as being of merchantable quality. It is also alleged that Stauffer negligently, carelessly and unlawfully failed to warn of known existing dangers in connection with the use of Clear-All. There is no claim of agency as between any of the defendants.

California procedure permits of summary disposition of an unmeritorious action under certain conditions. Code of Civil Procedure section 437c provides in part ". . . if it is claimed the action has no merit . . . the complaint may be dismissed and judgment may be entered, in the dis-

cretion of the court unless the party . . . shall show such facts as may be deemed . . . sufficient to present a triable issue of fact." We are not unaware that summary judgment procedure has been deemed to be drastic and should be used with caution in order that it does not become a substitute for trial. (*Coleman* v. *Fitzgerald,* 252 Cal.App.2d 58, 61 [60 Cal. Rptr. 173].) We are also sensitive to the current need to expedite litigation and to the use of this procedure to determine whether or not a genuine cause of action in fact exists. (*Property Controllers, Inc.* v. *Shewfelt,* 245 Cal.App.2d 755, 761 [54 Cal.Rptr. 218].) The motion in the instant case was properly supported and opposed by the use of both declarations and answers to interrogatories. (*State Medical Education Bd.* v. *Roberson,* 6 Cal.App.3d 493, 499-500 [86 Cal.Rptr. 258].)

■ Considering that portion of the record presented in support of the motion strictly and that in opposition liberally as we are required to do (*Walsh* v. *Glendale Fed. Sav. & Loan Assn.,* 1 Cal.App.3d 578, 583 [81 Cal.Rptr. 804]), we fail to see wherein the uncontroverted facts establish liability on the part of defendant Stauffer or reveal any triable issue of material fact. Plaintiff has abandoned any claim arising out of breach of warranty with respect to the bulk sulfuric acid furnished by Stauffer by failure to pursue such claim in her brief. (*Renden* v. *Geneva Development Corp.,* 253 Cal.App.2d 578, 591 [61 Cal.Rptr. 463].) There exists no evidence to support such a theory of liability. It is uncontradicted that the bulk acid was not defective. There is no claim of negligence in the manufacture or packaging of the bulk acid. The doctrine of res ipsa loquitur is not available as to defendant Stauffer. (*Escola* v. *Coca Cola Bottling Co.,* 24 Cal.2d 453, 457-458 [150 P.2d 436].)

Plaintiff contends that a triable issue of fact exists, to wit, who was the manufacturer, Stauffer or Fazio? This contention is without merit. The facts establish Fazio to be the manufacturer (seller) of the product Clear-All. Stauffer manufactured (sold) bulk sulfuric acid. It was contemplated that the bulk acid was to be used in compounding a product packaged, labeled and sold through distributors by Fazio. The compounding entailed a change in the physical composition of the bulk acid calculated to render it suitable as a household product. The bulk sulfuric acid was substantially altered, not only as to its chemical composition, but as to the container form in which it was distributed. The ultimate product Clear-All can in no way be considered to be one and the same bulk sulfuric acid manufactured by Stauffer and sold to Fazio. In view of our conclusion that Fazio, not Stauffer, was the manufacturer (seller), cases imposing responsibility under the doctrine of strict liability are not applicable to Stauffer and do not require trial of this action as to that company. Section 402A of Restatement Second of Torts provides in part: "One who sells

any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

In a caveat and in comment thereto it is said: "Caveat: The Institute expresses no opinion as to whether the rules stated in this Section may not apply (1) to harm to persons other than users or consumers; (2) to the seller of a product expected to be processed or otherwise substantially changed before it reaches the user or consumer; or (3) to the seller of a component part of a product to be assembled.

"*. . . . . . . . . . . . . . . . . .*

"Thus far the decisions applying the rule stated have not gone beyond products which are sold in the condition, or in substantially the same condition, in which they are expected to reach the hands of the ultimate user or consumer. In the absence of decisions providing a clue to the rules which are likely to develop, the Institute has refrained from taking any position as to the possible liability of the seller where the product is expected to, and does, undergo further processing or other substantial change after it leaves his hands and before it reaches those of the ultimate user or consumer.

". . . The question is essentially one of whether the responsibility for discovery and prevention of the dangerous defect is shifted to the intermediate party who is to make the changes. No doubt there will be some situations, and some defects, as to which the responsibility will be shifted, and others in which it will not."

We are referred to no California case, nor has independent research revealed any such, extending the strict liability of the manufacturer (seller) to the supplier of a substance to be used in compounding or formulating the product which eventually causes injury to an ultimate consumer. On the contrary this dearth of authority indicates to us a reluctance on the part of the bench and bar to consider such an extension necessary or desirable for the protection of the ultimate consumer. See Witkin, Summary of California Law (1969 Supp.) page 766, wherein the author states at page 768: "The Restatement takes no position on two borderline situations: (1) Where the seller sells a product which is not intended to reach the consumer in about the same condition as it left, but is expected to be 'processed or otherwise substantially changed' before it reaches him. (Rest., Torts 2d § 402A, Caveat (2), and Comment p; see 18 Hastings L.J. 22.)"

We see no compelling reason for an extension to a situation such as presented in the instant case. While not limited by the courts to the manufacturer (seller),[1] the doctrine should not apply to Stauffer. ▮ We do not believe it realistically feasible or necessary to the protection of the public to require the manufacturer and supplier of a standard chemical ingredient such as bulk sulfuric acid, not having control over the subsequent compounding, packaging or marketing of an item eventually causing injury to the ultimate consumer, to bear the responsibility for that injury. The manufacturer (seller) of the product causing the injury is so situated as to afford the necessary protection. (*Escola* v. *Coca Cola Bottling Co.*, *supra*, 24 Cal.2d 453, 462.)

Plaintiff's reliance upon the cases of *Casetta* v. *United States Rubber Co.*, 260 Cal.App.2d 792 [69 Cal.Rptr. 645] and *Canifax* v. *Hercules Powder Co.*, 237 Cal.App.2d 44 [46 Cal.Rptr. 552], is misplaced. Both are factually distinguishable and otherwise not compelling or persuasive of a contrary conclusion.

Plaintiff also argues that, assuming Stauffer was not the manufacturer of Clear-All but only of the component sulfuric acid, a dangerous substance, it had "a duty to the general public to see that they are not harmed." We do not subscribe to such a conclusion for the reasons stated above as well as others with which we will not burden this opinion. Properly manufactured sulfuric acid is both a useful and desirable product. Section 402A of Restatement Second of Torts, *supra*, recognizes the impracticality of imposing liability simply because a product has potential dangers. In the comments to this section it is said at pages 352-353: "The rule stated in this Section applies only where the defective condition of the product makes it unreasonably dangerous to the user or consumer. Many products cannot possibly be made entirely safe for all consumption, and any food or drug necessarily involves some risk of harm, if only from over-consumption. . . . There are some products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use." ▮ The mere fact that bulk sulfuric acid is potentially dangerous is no reason to render Stauffer liable to plaintiff in the instant case.

▮ We conclude that the record before us reveals no basis upon which to conclude that defendant Stauffer violated any legal duty to plaintiff which proximately caused her injury or that there exists any triable issue

---

[1]*Price* v. *Shell Oil Co.*, 2 Cal.3d 245 [85 Cal.Rptr. 178, 466 P.2d 722] (lessor of personal property); *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168] (automobile distributor); *Kriegler* v. *Eichler Homes, Inc.*, 269 Cal.App.2d 224 [74 Cal.Rptr. 749] (seller); *Barth* v. *B. F. Goodrich Tire Co.*, 265 Cal.App.2d 228 [71 Cal.Rptr. 306] (tire dealer).

of fact which, if resolved adversely, would impose liability upon that defendant.

The judgment is affirmed.

Ford, P. J., and Cobey, J., concurred.