[Civ. No. 58844. Second Dist., Div. One. July 30, 1980.]

FOOT'S TRANSFER & STORAGE CO., LTD., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DAVID S. WORTH, Real Party in Interest.

COUNSEL

Ackerman, Ling & Russell, William D. Evans and Don Raig for Petitioner.

No appearance for Respondent.

Benjamin S. Siegel, Jeffrey H. Kapor and Katz, Hoyt & Bell for Real Party in Interest.

OPINION

JEFFERSON (Bernard), Acting P. J.*—Petitioner Foot's Transfer & Storage Co., Ltd., a corporation, seeks a writ of mandate to compel respondent court to grant petitioner the right to file a cross-complaint in litigation entitled David S. Worth v. Foot's Transfer & Storage Co., Ltd., Los Angeles Superior Court No. C 232532, a breach of contract action[1] being prosecuted by real party in interest, Worth, against petitioner. We issued an alternative writ on April 25, 1980, and now consider the matter on the merits.

From the record before us, it appears that Worth entered into an agreement with petitioner in 1974 to drive for petitioner as an independent contractor; the parties also had dealings concerning some type of a tractor. The arrangement terminated in December 1976.

Worth filed a complaint against petitioner on March 7, 1978, and served petitioner on March 10, 1978. Since petitioner did not respond, a default was taken but was subsequently vacated; petitioner filed an answer in November 1978; this answer did not allege any affirmative

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

[1] We have not been provided with a copy of the complaint.

defenses or counterclaims. The at-issue memorandum was filed on November 21, 1978.

It appears that the parties—Foot's Transfer & Storage—were represented by counsel long before the litigation commenced, as we have been provided with correspondence of counsel dating from 1976. After petitioner filed its answer to Worth's complaint, there was continued correspondence and the exchange of information; it was known to Worth's counsel that petitioner intended to make an adverse claim. On April 6, 1979, petitioner's counsel requested, in writing, that Worth's counsel stipulate to the entry of a cross-complaint in the action; on April 12, 1979, Worth's counsel responded to the effect that he would discuss the matter with his client and advise petitioner accordingly.

Certain discovery was undertaken in the action. On September 24, 1979, again in writing, petitioner's counsel asked Worth's counsel to stipulate to the filing of the cross-complaint, but received no definitive answer. On November 9, 1979, Worth's counsel refused to so stipulate. Thereafter, petitioner's counsel prepared and presented to the court a motion to allow filing of the cross-complaint; accompanying the motion was a copy of the proposed cross-complaint, which constituted a claim against Worth for monies due arising from the same transactions upon which Worth was basing his complaint. Petitioner's motion was heard and denied on February 6, 1980; its motion for reconsideration was heard and denied on March 6, 1980. The petition for mandate followed and was filed in this court on March 14, 1980.

The issue presented for our resolution is the appropriate interpretation of and application of Code of Civil Procedure section 426.50. That section provides: "A party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court, after notice to the adverse party, shall grant, upon such terms as may be just to the parties, leave to amend the pleading or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. This subdivision shall be liberally construed to avoid forfeiture of causes of action."

Both the Legislative Committee comment-Senate, which follows the section, enacted in 1971, and the 10 California Law Revision Commis-

sion Reports, Recommendations and Studies (1970-1971) emphasize that section 426.50 of the Code of Civil Procedure does not constitute a substantive change in prior law but reiterates the long-standing rule favoring the allowance of amended pleadings. The objective, of course, is to encourage trial on the merits whenever possible. The granting of leave to file a cross-complaint is particularly of importance in avoiding forfeiture of causes of action because of the principle expressed in section 426.30 of the Code of Civil Procedure, that cross-complaints relating to the subject of the action must be filed therein or are deemed lost.[2]

While Code of Civil Procedure section 426.50 employs the mandatory word "shall" with respect to allowing an amendment of a pleading or the filing of a cross-complaint, it also provides that the court shall grant leave to a party to amend his pleading or to file a cross-complaint "if the party who failed to plead the cause *acted in good faith*." (Italics added.) In the one decision which has interpreted section 426.50, the court observed that this provision relating to "good faith" allowed the trial courts a "modicum of discretion" in allowing amendments to pleadings. (*Gherman* v. *Colburn* (1977) 72 Cal.App.3d 544, 559 [140 Cal.Rptr. 330].)

■ Initially, real party in interest, Worth, argues that mandamus is an inappropriate remedy to control a discretionary act below. Worth cites *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379], in which the court made this observation: "Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way." The *Babb* court added, however, that "upon occasion our attention is drawn to instances of such grave nature or of such significant legal impact that we feel compelled to intervene through the issuance of an extraordinary writ." (*Ibid.*)

The question presented here, therefore, is whether, under the circumstances, the trial court abused its discretion in denying petitioner the right to file its cross-complaint. If there is an abuse of discretion, the

---

[2]"Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (Code Civ. Proc., § 426.30, subd. (a).)

case then falls within the *Babb* court's principle that mandate may be issued when the facts reveal "that discretion can be exercised in only one way," and especially if the occasion is one of a sufficiently grave nature or of a significantly legal impact. The *Babb* court pointed to such a case by referring to *Holtz* v. *Superior Court* (1970) 3 Cal.3d 296, 301, footnote 4 [90 Cal.Rptr. 345, 475 P.2d 441], in which the court stated: "'Where it appears that the trial court has made a ruling which deprives a party of the opportunity to plead his cause of action or defense, relief by mandamus may be appropriate to prevent a needless and expensive trial and reversal.'" Under the circumstances presented here, we reject real party in interest's contention that mandamus is not a remedy available to petitioner because the trial court's ruling constituted an act involving the exercise of discretion.

We turn next to the question of whether the trial court abused that "modicum of discretion" in the case at bench. ■ We accept the principle that the trial court's denial of petitioner's motion provides an implied finding that petitioner had not acted in good faith. (*Gherman* v. *Colburn, supra.*) We agree with real party in interest Worth that, upon our review, such implied factual finding is entitled to an affirmance of the trial court's ruling if there was substantial evidence to support it.

■ However, what constitutes "good faith"—or lack of it—under Code of Civil Procedure section 426.50 must be determined in light of and in conformity with the liberality conferred upon the trial courts by the section and by prior law. We conclude that this principle of liberality requires that a strong showing of bad faith be made in order to support a denial of the right to file a cross-complaint under this section.

The pertinent facts of *Gherman, supra*, are instructive in defining the parameters of bad faith. In that case, plaintiffs sought to establish the existence of a joint venture and its breach; an accounting was requested. Plaintiffs desired a trial by jury but defendants did not. In their pleading, defendants had denied that a joint venture had ever existed. Plaintiffs dismissed their cause of action for an accounting before trial. On the day of trial, defendants shifted their position to demand, by a proposed cross-complaint, an accounting with respect to the joint venture they had claimed did not exist. The trial court denied defendants the right to file the cross-complaint, and that denial was upheld upon the defendants' appeal from the judgment in favor of plaintiffs as a result of the jury's verdict.

The *Gherman* court noted that the defendants had known for some time prior to trial that plaintiffs had abandoned their request for an accounting and then concluded with the pertinent observation that "[w]here the defendant fails to act for a period of over 30 days and waits until the first day of trial, such conduct may be interpreted as evidence of a lack of good faith *especially* when coupled with the long history of litigation between the parties, which demonstrates that both sides were jockeying for position over the right to a jury trial." (*Gherman, supra*, 72 Cal.App.3d 544, 559.) (Italics in original.)

Real party in interest Worth, in seeking to support the trial court's ruling in the instant case, points to the fact that petitioner waited 23 months after service of the complaint, and 16 months after it had filed its answer to the complaint, before asserting the right to file a cross-complaint. We have no doubt that petitioner, Foot's Transfer & Storage, as defendants are sometimes wont to do, engaged in as much delay in this litigation as possible. But section 426.50, however, expressly mentions a party's "neglect" as one circumstance under which relief may be given. There is nothing in the record before us which suggests that petitioner was unusually reprehensible in this regard. In addition, we take cognizance of the fact that real party in interest Worth waited for two years to file his action, and that his counsel equivocated concerning the stipulation requested by petitioner for a considerable length of time, while conducting discovery concerning petitioner's claims against his client.

Real party in interest Worth also urges us to uphold the trial court's denial of petitioner's request to file a cross-complaint on the theory that petitioner's bad faith was demonstrated by the fact that it had, despite its assertions to the contrary, all the facts it needed to support the filing of a cross-complaint as early as 1976, and this was before the complaint was filed by Worth. We recognize that the *Gherman* court relied, in part, for its conception of "bad faith," on the premise that delay only may constitute the requisite bad faith to preclude the granting of the request to file a cross-complaint when it appears that a delayed cross-complaint, if allowed, would work a substantial injustice to the opposing party and would prejudice that party's position in some way.

But in the case at bench, we fail to perceive any substantial injustice or prejudice to the real party in interest Worth in this litigation by the filing of petitioner Foot's Transfer & Storage's cross-complaint, as belated as it may be. The correspondence of counsel establishes that

neither side was unaware of the claims of the other. Similarly, the discovery undertaken in 1979 also indicates a lack of any such unawareness.

We hold, therefore, that the evidence to support the trial court's denial of petitioner's motion to file a cross-complaint was insufficient as a matter of law in view of the well established liberality with which section 426.50 of the Code of Civil Procedure is to be applied. It is preferable that the parties have their day in court.

Let a peremptory writ issue, directing the trial court to vacate its order of denial and enter a different order allowing petitioner to file its cross-complaint in No. C 232532, entitled David S. Worth v. Foot's Transfer & Storage Co., Ltd.

Lillie, J., and Rimerman, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.