[Civ. No. 65354. Second Dist., Div. One. Apr. 28, 1983.]

SECURITY PACIFIC NATIONAL BANK, Plaintiff and Respondent, v. VOLTURNO ADAMO et al., Defendants and Appellants.

COUNSEL

Albert Vieri and Mark S. Levinson for Defendants and Appellants.

Lillick McHose & Charles, Robert L. Morrison and Gerald R. Whitt for Plaintiff and Respondent.

OPINION

**LILLIE, Acting P. J.**—In this action on a promissory note and guaranties, six of the defendants appeal from summary judgment entered against them and in favor of plaintiff.[1] Appellants mount virtually no attack on the judgment, the primary purpose of the appeal apparently being to secure review of an order denying their motion for leave to file a fourth amended cross-complaint.

On January 11, 1980, Security Pacific National Bank commenced an action to collect an unsecured promissory note in the principal sum of $340,000

---

[1]The appeal lies even though the judgment is not final as to the rights of all parties to the litigation. (See *Walker* v. *Stauffer Chemical Corp.* (1971) 19 Cal.App.3d 669, 671 [96 Cal.Rptr. 803].)

payable October 12, 1979, made by a corporation and payment of which was guaranteed by several shareholders of the corporation.[2] Named as defendants were the corporation and the guarantors including the appellants herein—Volturno Adamo, Eby Adamo, Johnny Borgese, Maria Borgese, Miodrag Djuricic and Fred Kerby (Adamo defendants). During 1980 the Adamo defendants answered the complaint, filed a cross-complaint and filed, or attempted to file, three amended cross-complaints. On January 19, 1981, they moved for leave to file a fourth amended cross-complaint against plaintiff, five codefendants, and two individuals and a partnership who were not parties to the action. Two causes of action of the proposed fourth amended cross-complaint were directed against plaintiff. These causes of action alleged that plaintiff knew, or should have known, that the loan evidenced by the promissory note was an interim construction loan which was intended to be replaced by a permanent takeout loan; plaintiff also knew that two of the corporate debtor's shareholders refused to join in guaranteeing repayment of the loan and that without their guaranties no permanent loan could be secured; when plaintiff approved the interim loan, it was on notice that because of the corporation's inability to obtain permanent financing the corporation probably would become insolvent and cross-complainants would be called upon to pay the loan out of personal assets; plaintiff thereby was negligent in approving the loan; such negligence exposed cross-complainants to "unreasonable and unexpected" risk and they have been damaged in an amount equal to any liability which may be imposed upon them by reason of their guaranties; joinder of all shareholders in the guaranty agreement was a condition precedent to the enforceability of cross-complainants' guaranties; because that condition was not met, plaintiff is estopped from enforcing such guaranties.

After the Adamo defendants moved for leave to file a fourth amended cross-complaint, plaintiff moved for summary judgment against them on the complaint. The motion of the Adamo defendants was denied; plaintiff's motion was granted. Summary judgment was entered in favor of plaintiff and against the Adamo defendants in the sum of $477,788.52, consisting of the principal sum of the promissory note plus interest thereon, together with attorney fees and costs. They appeal from that judgment.

Appellants contend that because their proposed fourth amended cross-complaint was a "compulsory" cross-complaint, they were entitled as a matter of right to file it because they acted in good faith in not having earlier pleaded the causes of action contained therein (Code Civ. Proc., § 426.50).[3] Appel-

---

[2] We have not been provided with a copy of the complaint. The foregoing summary is based on information gleaned from the record on appeal.

[3] Code of Civil Procedure section 426.50: "A party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court, after notice to the

lants further argue that if the trial court had not improperly denied leave to file their proposed fourth amended cross-complaint, plaintiff would not have been entitled to summary judgment because it failed to show, in support of its motion, that there were no triable issues of material fact under the allegations of that pleading which were directed against plaintiff.

■ On appeal from a final judgment, an appellate court may review any intermediate ruling, order or proceeding from which an appeal could not be taken which involves the merits, necessarily affects the judgment appealed from, or substantially affects the rights of a party. (Code Civ. Proc., § 906; *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 241-242 [273 P.2d 5].) ■ An order denying a motion for leave to file an amended cross-complaint is not appealable. (*Marx* v. *McKinney* (1943) 23 Cal.2d 439, 443-444 [144 P.2d 353].) ■ However, to be reviewable on this appeal from the summary judgment, the order denying leave to file a fourth amended cross-complaint must necessarily affect that judgment, involve the merits of the action, or substantially affect the rights of appellants. None of such requirements is met. The dissenting opinion concludes that appellants' rights were substantially affected by the order denying leave to file the amended cross-complaint because the causes of action contained therein were related to those alleged in the complaint, and hence had to be pleaded in the action or deemed waived. (Code Civ. Proc., § 426.30, subd. (a).) However, that order affected appellants' rights only in the cross-action, not in the main action wherein the summary judgment was entered from which this appeal is taken. ■ A complaint and a cross-complaint are, for most purposes, treated as independent actions. (*McLellan* v. *McLellan* (1972) 23 Cal.App.3d 343, 353 [100 Cal.Rptr. 258].) "Procedurally, a cross-complaint is a separate pleading and represents a separate cause of action from that which may be stated in the complaint." (*City of Cypress* v. *New Amsterdam Cas. Co.* (1968) 259 Cal.App.2d 219, 223 [66 Cal.Rptr. 357].) Where there are both a complaint and a cross-complaint there are actually two separate actions pending and the issues joined on the cross-complaint are completely severable from the issues under the original complaint and answer. (*McDonald Candy Co.* v. *Lashus* (1962) 200 Cal.App.2d 63, 67 [19 Cal.Rptr. 137]; *Shearer* v. *United California Theatres* (1955) 133 Cal.App.2d 720, 724 [284 P.2d 934].) ■ On a motion for summary judgment the issues are defined by the pleadings. (*Hooks* v. *Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 442 [165 Cal.Rptr. 741]; *Family Service Agency of Santa Barbara* v. *Ames* (1958) 166 Cal.App.2d 344, 348 [333 P.2d 142].) ■ Plaintiff moved for summary judgment against the Adamo defendants on the complaint; the issues on that motion were limited to those defined by the

adverse party, shall grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. This subdivision shall be liberally construed to avoid forfeiture of causes of action."

complaint and defendants' answers thereto. It is true that the causes of action alleged against plaintiff in the proposed fourth amended cross-complaint could as well have been pleaded as affirmative defenses in defendants' answers to the complaint inasmuch as they did not seek affirmative relief but merely attempted to defeat plaintiff's recovery on the complaint. The fact remains, however, that defendants asserted such "causes of action" by way of cross-complaint. They could not thereby defeat plaintiff's right to move for summary judgment in the main action limited to the issues framed by the complaint and the answers thereto. Their proposed fourth amended cross-complaint was irrelevant on plaintiff's motion and could not expand the issues of which the summary judgment disposed. The order denying leave to file that pleading did not involve the merits of the main action to which the summary judgment motion was addressed; it affected neither the summary judgment entered in that action nor the substantial rights of appellants as defendants therein. It follows that such order is not reviewable on this appeal from the summary judgment.[4]

■ Aside from their contention that summary judgment was improper in light of the allegations of the proposed fourth amended cross-complaint, appellants do not challenge the judgment except in the following particular. They point out that their answers alleged as an affirmative defense that the guaranties were contracts of adhesion, and argue that a triable issue of fact as to such defense was raised by their declarations in opposition to the motion for summary judgment stating that plaintiff conducted an advertising campaign wherein it referred to itself as the bank "you do not have to think about." Appellants contend that in reliance on such slogan they signed the guaranties "without thinking." Their declarations do not so state and if they did no triable issue of fact thereby would be raised in regard to the affirmative defense of contract of adhesion. The term "contract of adhesion" signifies a standardized contract which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it. (*Wilson* v. *San Francisco Fed. Sav. & Loan Assn.* (1976) 62 Cal.App.3d 1, 7 [132 Cal.Rptr. 903].) A contract of adhesion is unenforceable because it defeats the reasonable expectation of the adhering party (see *Holmes* v. *City of Los Angeles* (1981) 117 Cal.App.3d 212, 216-217 [172 Cal.Rptr. 589]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 13, pp. 35-36), not because such party signed the contract "without thinking." That circumstance relates to the requirement of mutual assent or consent (see Civ. Code, §§ 1550, 1565; 1 Witkin, *op. cit. supra,* pp. 92-93); it is not perti-

---

[4]The proposed fourth amended cross-complaint was directed not only against plaintiff, but also against several of appellants' codefendants none of whom is a party to this appeal. Under these circumstances even if the order denying leave to file such pleading were reviewable, it would be improper to reverse that order. " '[W]here several persons are affected by a judgment, the reviewing court will make no determination detrimental to the rights of those who have not been brought into the appeal.' " (*Gonzales* v. *R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 806 [144 Cal.Rptr. 408, 575 P.2d 1190].)

nent to the defense of contract of adhesion on which appellants here rely to defeat the summary judgment. In any event, a guaranty is not a contract of adhesion. As explained in *Oakland Bank of Commerce* v. *Washington* (1970) 6 Cal.App.3d 793, 799 [86 Cal.Rptr. 276]; "This rule [relating to contracts of adhesion] has been applied to such matters as exceptions to reasonably expected coverage in insurance policies [citations]; clauses exculpating a title insurance company from the consequences of its own negligence [citation]; and limitations on city employees' pensions [citation], wherein the matter was of quasi-public policy and one of the parties had reduced bargaining power in entering into a standardized contract prepared by the other party. In such case, the exception, exclusion or limitation must be expressed in such conspicuous form as to draw attention of the ordinary person entering the contract. But in this case the contract of guaranty, in its essential parts, is in positive form, that is, it creates a liability, it does not limit a liability of the preparer of the contract." (See also *Union Bank* v. *Ross* (1976) 54 Cal.App.3d 290, 295-296 [126 Cal.Rptr. 646].)

Inasmuch as appellants' challenge to the summary judgment fails, the judgment must be affirmed.

Pursuant to a provision in each of the guaranties executed by appellants,[5] the trial court awarded plaintiff attorney fees in the sum of $19,850. Plaintiff correctly contends that such provision embraces an allowance for legal services rendered on appeal. (*Beverly Hills Nat. Bank* v. *Glynn* (1971) 16 Cal.App.3d 274, 289 [93 Cal.Rptr. 907].) ▪ Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees when it determines costs on appeal (*Genis* v. *Krasne* (1956) 47 Cal.2d 241, 248 [302 P.2d 289]; *Schoolcraft* v. *Ross* (1978) 81 Cal.App.3d 75, 82 [146 Cal.Rptr. 57]; *Clejan* v. *Reisman* (1970) 5 Cal.App.3d 224, 241 [84 Cal.Rptr. 897]), which here are awarded to plaintiff as the prevailing party (Cal. Rules of Court, rule 26(a)).

The judgment is affirmed with directions to the trial court to determine the amount of attorney fees to be awarded to plaintiff for legal services rendered on this appeal.

Shumsky, J.,* concurred.

**DALSIMER, J.**—I respectfully dissent.

---

[5]Each guaranty provides in pertinent part: "The undersigned further agrees, without demand, immediately to reimburse Bank for all costs and expenses, including attorneys' fees, incurred in the enforcement of this guaranty or the collection of such indebtedness."

*Assigned by the Chairperson of the Judicial Council.

I agree with the majority that the primary purpose of this appeal was to secure a review of the order denying defendants' motion for leave to file a fourth amended cross-complaint.

The law is clear that an order denying a motion for leave to file an amended cross-complaint, being an intermediate order, is not appealable. (*Central Bank v. Transamerica Title Ins. Co.* (1978) 85 Cal.App.3d 859, 870 [149 Cal.Rptr. 822].) Such an order is subject to review upon application for an extraordinary writ (*Foot's Transfer & Storage Co. v. Superior Court* (1980) 114 Cal.App.3d 897 [171 Cal.Rptr. 1]) or after final judgment. (*Grimshaw v. Ford Motor Co.* (1981) 119 Cal.App.3d 757, 824 [174 Cal.Rptr. 348]; *Schaefer v. Berinstein* (1960) 180 Cal.App.2d 107, 114 [4 Cal.Rptr. 236], disapproved on other grounds in *Jefferson v. J. E. French Co.* (1960) 54 Cal.2d 717 [7 Cal.Rptr. 899, 355 P.2d 643].) The review after final judgment is restricted to those intermediate rulings, orders, or decisions which involve "the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . ." (Code Civ. Proc., § 906.) The majority holds that the order denying defendants' motion for leave to file a fourth amended cross-complaint did not substantially affect the rights of defendants.

On the contrary, defendants' rights *were* substantially affected in this case. As the causes of action contained in defendants' proposed fourth amended cross-complaint arose out of the same transaction (the granting of the loan) that gave rise to plaintiff's complaint (the liability of defendants as individual guarantors on the loan), those causes of action had to be pled in the action or be deemed waived. (Code Civ. Proc., § 426.30, subd. (a); *Western Decor & Furnishings Industries, Inc. v. Bank of America* (1979) 91 Cal.App.3d 293, 310 [154 Cal.Rptr. 287].) The majority's position that a cross-complaint is "procedurally" a separate pleading representing a separate cause of action is technically correct, but I respectfully submit that it begs the question. The question we deal with concerns the propriety of denying the motion to file the cross-complaint, not the procedural status of the pleading once filed. Had the court followed Code of Civil Procedure section 426.50, it could have dealt as it did with the complaint but not wreak havoc on the defendant's cause of action. As defendants were not permitted to amend, they have effectively lost their right to litigate their claims if the judgment is allowed to stand. This was certainly a substantial effect.

Code of Civil Procedure section 426.50 in pertinent part states: "The court, after notice to the adverse party, *shall* grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. *This subdivision shall be liberally construed to avoid forfeiture of causes of action.*" (Italics added.) This section has been interpreted to mean that a trial court has

only "some modicum of discretion in determining whether or not a defendant has acted in good faith" (*Gherman* v. *Colburn* (1977) 72 Cal.App.3d 544, 559 [140 Cal.Rptr. 330]) and that the principle of liberality contained in the code section "requires that a strong showing of bad faith be made in order to support a denial of the right to file a cross-complaint under this section." (*Foot's Transfer & Storage Co.* v. *Superior Court, supra,* 114 Cal.App.3d 897, 902.) Nothing in the record before us supports a conclusion that defendants in this case acted in bad faith. Although their motion to amend their cross-complaint may not have been overly prompt, mere "negligence" is not sufficient grounds for denial of their motion. (Code Civ. Proc., § 426.50.)

The majority is concerned that it would be improper to reverse the trial court because the cross-complaint was directed not only against plaintiff but also against several codefendants who are not parties to this appeal. In support of this proposition the majority cites *Gonzales* v. *R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 806 [144 Cal.Rptr. 408, 575 P.2d 1190], which in turn cited *American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 213 [246 P.2d 935]. In both of these cases the court held it would not review those portions of a final judgment that involved parties who were not parties to the appeal. In this case, although review came by way of final judgment, the review sought was of an intermediate order. Since an intermediate order is *not* a final judgment, it cannot be said that the review of such an order might be detrimental to persons whose rights had been secured by the final judgment. The order denying defendants' motion for leave to amend their cross-complaint could be reviewed, even reversed, without disturbing the final judgment. If that order were to be reversed, the final judgment which granted plaintiff's motion for summary judgment as to the liability of defendants as individual guarantors on the loan would remain as an issue without substantial controversy. The issues raised by defendants in their proposed cross-complaint could then be litigated separately. Further, it appears from the clerk's transcript that the other parties below were served with the notice of appeal as well as with the briefs in the appeal, and they have had the opportunity to appear in this court.

I would reverse the judgment and remand to the trial court with directions to order that there is no substantial controversy regarding the issues in the complaint and to permit the filing of the proposed cross-complaint.

A petition for a rehearing was denied May 26, 1983, and appellants' petition for a hearing by the Supreme Court was denied August 18, 1983. Kaus, J., did not participate therein. Bird, C. J., and Reynoso, J., were of the opinion that the petition should be granted.