Filed 12/1/15  Wolf v. Santa Rita Hills Wine Center Investors CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JEFFREY WOLF,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SANTA RITA HILLS WINE CENTER INVESTORS,<br><br>  Defendant and Appellant. | 2d Civil No. B258797<br>(Super. Ct. No. 1393368)<br>(Santa Barbara County) |

Santa Rita Hills Wine Center Investors (appellant) appeals the trial court's order granting costs and attorney fees to Jeffrey Wolf (respondent) as the prevailing party in a dispute relating to an agreement for services.  Appellant contends the trial court abused its discretion in making the order.  We affirm.

BACKGROUND

Appellant owns and operates a winery facility in Lompoc.  Respondent is an electrical contractor.  In 2011, the parties executed a written vendor agreement (the agreement) in which respondent agreed to install certain electrical distribution service to respondent in exchange for a total payment of $86,169.  The agreement includes a clause providing that the prevailing party in any dispute concerning the agreement would be entitled to recover its costs and attorney fees from the non-prevailing party.  The

clause states: "In the event of any dispute between [appellant] and/or [appellant's agent], and [respondent] concerning this Agreement, the prevailing party in any such dispute shall be awarded its attorney's fees and costs." A separate provision states that "[i]n the event that either party incurs legal costs in the enforcement of this agreement . . . , the non-prevailing party in such controversy shall pay the legal costs (including, but not limited to, reasonable attorney's fees) of the prevailing party."

Respondent sued appellant for breach of contract, money due, and foreclosure of mechanic's lien. The original complaint sought $42,577.95 in damages plus prejudgment interest and attorney fees and costs. Each cause of action was pled in the alternative. In his trial brief, respondent claimed $43,080.52 in total damages, exclusive of interest, consisting of $8,629.26 still owed on the original contract price of $86,169; $32,488.10 for extra work performed pursuant to oral modifications of the original agreement; and $1,963.16 as reimbursement for the cost of equipment rentals. In a supplemental brief, respondent adjusted the amount of his claimed damages to $43,010.48, exclusive of prejudgment interest. Appellant's trial brief claimed that respondent was entitled to no more than $18,039.26 and was not entitled to any prejudgment interest.

The court awarded respondent $25,522.38 in damages, consisting of $8,629.26 "under the breach of contract action, $15,000 due for the reasonable value of additional work not covered by the original contract and $1,893.12 due for reimbursement of rental equipment under the common count cause of action[.]" Respondent was awarded $3,831.84 in prejudgment interest pursuant to Civil Code[1] section 3287, subdivision (b). Judgment was entered in favor of appellant on the cause of action for foreclosure of mechanic's lien after a grant of nonsuit. No appeal was filed from the judgment.

Each party filed a memorandum of costs and asked the court to be declared the prevailing party. Following a hearing, the court declared respondent the prevailing

_____

[1] All statutory references are to the Civil Code unless otherwise stated.

party, awarded him $55,911 in costs and attorney fees, and struck appellant's memorandum of costs.

DISCUSSION

Appellant contends the court erred in declaring respondent the prevailing party and awarding him costs and attorney fees pursuant to the agreement. Appellant failed, however, to provide an adequate record for our review. It is the appellant's burden to produce a sufficient record on appeal that demonstrates the trial court erred. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.) "The [appellant] must affirmatively show error by an adequate record. [Citations.] Error is never presumed. It is incumbent on the [appellant] to make it affirmatively appear that error was committed by the trial court. [Citations.] . . . 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' (Orig. italics.) [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of an adequate record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Here, appellant failed to include the reporter's transcript of the hearing on the very ruling he challenges. Without a complete record, we do not have the necessary information to conduct a meaningful and fair appellate review.

Even assuming that the missing transcripts did not preclude our review, appellant's claim would fail. We review the court's prevailing party determination for abuse of discretion. (*Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 366.) Appellant fails to meet its burden. Appellant contends the court could not reasonably find that respondent "prevailed" on the breach of contract claim because his original complaint sought $42,577.95 on that claim and he was only awarded $8,629.26. Appellant acknowledges, however, that the cost and attorney fees provisions at issue here are broad enough to encompass both contract and non-contract claims. (See *Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1276-1277; *Thompson v. Miller* (2003) 112 Cal.App.4th 327, 335-337; see also Code Civ. Proc., § 1021; § 1717.) In these circumstances, "the prevailing party entitled to recover fees normally will be the party

3

whose net recovery is greater, in the sense of most accomplishing its litigation objectives, whether or not that party prevailed on a contract cause of action." (*Maynard v. BTI Group, Inc.* (2013) 216 Cal.App.4th 984, 992.) Here, the court could reasonably find that respondent's "net recovery" was greater than appellant's. His litigation objective was to obtain approximately $43,000 in damages, and he was ultimately awarded over $25,000. By contrast, appellant claimed that it owed no more than about $18,000.

For the first time on appeal, appellant claims the court was effectively compelled to award *it* costs and attorney fees because it prevailed on the cause of action for foreclosure of mechanic's lien. Appellant reasons that "in terms of magnitude, protecting a real property asset such as a 75,000 square foot winery facility from foreclosure and forced sale is a much greater achievement than a monetary recovery." This claim is forfeited because it was not raised below. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592; *McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 805, fn. 9.) In any event, the cause of action for foreclosure of mechanic's lien was alleged as an alternative means of obtaining what respondent claimed was owed under the other two causes of action. Moreover, appellant could have ultimately avoided foreclosure by paying any money damages awarded to respondent.

When a party is entitled to attorney fees as a prevailing party under Code of Civil Procedure section 1021 and section 1717, those fees are available for services at trial and on appeal. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927.) Respondent is the prevailing party on appeal, and thus is entitled to attorney fees. Accordingly, we will remand the matter to the trial court for it to determine those fees. (*Security Pacific National Bank v. Adamo* (1983) 142 Cal.App.3d 492, 498 ["Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees when it determines costs on appeal"].)

## DISPOSITION

The order awarding respondent attorney fees and costs as the prevailing party is affirmed. The matter is remanded to the trial court for its determination of an

attorney fees award to respondent for the appeal.  Respondent is also entitled to his costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


5

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Morasse Collins & Clark, Desmond J. Collins for Defendant and Appellant.

Law Office of Herb Fox, Herb Fox; Harvey R. Wolf for Plaintiff and Respondent.