Filed 12/30/15  Sadati v. Terrace Oak Partners CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

MATT SADATI,

      **Plaintiff and Appellant,**                       A144509

      **v.**                                   **(Contra Costa County
Super. Ct. No. MSC1201205)**

**TERRACE OAK PARTNERS, LLC,**

      **Defendant and Respondent.**

_____/

Plaintiff Matt Sadati appeals from a judgment for defendant Terrace Oak Partners, LLC (Terrace Oak) following a bench trial.  Sadati contends the court erred by concluding Terrace Oak was not equitably estopped from enforcing a holdover provision in a commercial lease.  We affirm.  We conclude Sadati has failed to provide an adequate record on appeal.  We also conclude Terrace Oak is entitled to reasonable attorney fees on appeal, and we remand to the trial court with directions to award such fees.

FACTUAL AND PROCEDURAL BACKGROUND

Sadati is "an experienced and knowledgeable real estate professional[.]"  In October 2010, Sadati leased an office in a commercial building in Walnut Creek from Terrace Oak for $2,355.55 per month.  The one-year lease ended on October 31, 2011.  It did not have an option to renew; it included a holdover provision providing that if Sadati held over after the lease expired, the monthly rent would increase to 250 percent of the

1

former amount of $2,355.55, to $5,888.88 per month. The lease authorized the prevailing party in "in any communication, action, and/or proceeding" brought under the lease "to recover all its costs and expenses, including without limitation the fees of its attorneys in [the] . . . action, and/or proceeding." On November 1, 2010, Terrace Oak's property manager gave Sadati contact information for its property manager, accountant, and principal, Charles Wall.

Sadati did not vacate the premises on October 31, 2011. Pursuant to the holdover provision, the monthly rent increased to $5,888.88. In November and December 2011, Sadati's company sent Terrace Oak rent checks for $2,355.55. In January 2012, Terrace Oak's property manager advised Sadati the lease expired on October 31, 2011 and — pursuant to the holdover provision — the rent had increased to $5,888.88. Sadati and Wall were unable to reach an agreement regarding the holdover provision and Sadati vacated the office in March 2012.

In May 2012, Sadati filed a complaint against Terrace Oak and others alleging claims for, among other things, breach of contract and breach of fiduciary duty. Terrace Oak cross-complained for breach of the lease, seeking to recover $15,762.20 in holdover rent. Sadati moved for summary adjudication on the cross-complaint, claiming Terrace Oak was equitably estopped from enforcing the holdover provision.[1] The court denied the motion, concluding Sadati did not establish equitable estoppel applied as a matter of law, in part because he did not explain "how he was 'ignorant of the true state of facts' or that his reliance was reasonable." The court noted the lease was for one year, "included no option for renewal[,]" and "clearly provide[d] that if the tenant holds over, rent would increase by 250%."

---

[1]    "To establish equitable estoppel it must be shown that (1) the party to be estopped was apprised of the facts and intended his or her conduct to be acted upon or so acted in a way that the party asserting the estoppel had a right to believe it was so intended; (2) the other party was ignorant of the true state of facts; and (3) he or she relied on the conduct to his or her injury." (*Parmar v. Board of Equalization* (2011) 196 Cal.App.4th 705, 717, citing *Strong v. County of Santa Cruz* (1975) 15 Cal.3d 720, 725.)

In a three-day unreported bench trial, both parties presented witnesses and offered documentary evidence. Sadati claimed Terrace Oak was estopped from enforcing the holdover provision because he wrote Patrick McGrath, the real estate agent who represented Terrace Oak in the lease transaction, a letter in October 2011 asking to extend the lease and because Terrace Oak accepted "three months' rent before informing [him] it expected him to pay any penalty."[2] Terrace Oak disagreed, contending it was not estopped from asserting the holdover provision because it "had no knowledge that Sadati allegedly thought the lease was renewed" and his "claimed ignorance of the non-renewal of the lease was due to his own unreasonable behavior."

In its statement of decision, the court concluded Sadati "failed to meet his burden of proof as to liability." The court awarded Terrace Oak $15,762.20 on its cross-complaint, concluding the holdover provision applied and was not unconscionable. The court observed Sadati was an "experienced and knowledgeable real estate professional who knew or should have known the contents of the commercial lease he signed. Acceptance of the prior rental amount during the holdover period did not result in a waiver of the right to recover the full holdover rate . . . in the lease. . . . Moreover, while [the] conduct in accepting the old rental amount during the first few months of the holdover period while secretly harboring an intent to assert the holdover penalty in the lease may be ethically suspect, it does not rise to the level that requires the application of the doctrines of waiver or estoppel." The court entered judgment for Terrace Oak.

DISCUSSION

I.

*Sadati's Appeal Fails Because He Has Failed*<br>*to Provide an Adequate Record*

Sadati claims the court erred by declining "to find that [Terrace Oak] was equitably estopped from retroactively applying the holdover penalty against him[.]" "The

---

[2] Sadati's letter is dated October 3, 2012, and was not sent to the address designated in the lease or in the property manager's November 2010 letter to Sadati. McGrath and Terrace Oak denied receiving the letter. The parties presented written closing arguments and filed posttrial briefs.

existence of an estoppel is largely a question of fact." (*Olofson v. Mission Linen Supply* (2012) 211 Cal.App.4th 1236, 1245 (*Olofsson*).) "'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' [Citations.] [¶] 'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.' [Citations.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) "A fundamental principle of appellate law is the judgment or order of the lower court is presumed correct and the appellant must affirmatively show error by an adequate record." (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.)

As the party with the burden of proof, Sadati must establish no substantial evidence supports the court's factual finding. (*Olofsson, supra,* 211 Cal.App.4th at p. 1246.) He cannot. We have no reporter's transcript and no record of what evidence the trial court heard. As a result, we cannot determine whether the court erred by declining to apply equitable estoppel principles. Sadati's failure to provide an adequate record "requires that the issue be resolved against [him]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502; see also *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 (*Vo*) [record inadequate where it did not "contain a trial transcript"] *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 129 [defendants who did not provide reporter's transcript could not demonstrate insufficient evidence supported trial court's finding].) Sadati's reliance on facts undisputed on summary judgment does not establish estoppel as a matter of law. We affirm the judgment based on Sadati's failure to provide an adequate record. (*Jameson v. Desta* (2015) 241 Cal.App.4th 491, 504 [affirming order granting nonsuit motion based on "the absence of a reporter's transcript"].)

4

## II.

*Terrace Oak is Entitled to Reasonable Attorney Fees on Appeal*

Terrace Oak contends it is entitled to recover attorney fees it incurred on appeal. We agree. The lease authorizes Terrace Oak, the prevailing party, to recover attorney fees. It provides "[i]n the event of an action or proceeding brought by either party against the other under this Lease the prevailing party shall be entitled to recover all its costs and expenses, including without limitation the fees of its attorneys in any communication, action, and/or proceeding." "'Fees, if recoverable at all either by statute or the parties' agreement, are available for services at trial and on appeal.' [Citation.]" (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 547.) "'Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees.'" (*Huntington Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267, quoting *Security Pacific National Bank v. Adamo* (1983) 142 Cal.App.3d 492, 498; *Frog Creek Partners, LLC v. Vance Brown, Inc., supra,* 206 Cal.App.4th at p. 547 [directing trial court on remand to determine a reasonable award for attorney fees incurred on appeal]; *Vo, supra,* 79 Cal.App.4th at p. 448 [prevailing party on appeal "is entitled to attorney fees for the time spent . . . in this appeal" and remanding to the trial court to fix the amount of fees].)

### DISPOSITION

The judgment is affirmed. The matter is remanded with instructions that the court award Terrace Oak reasonable attorney fees on appeal. Terrace Oak is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.

A144509

6