[No. A042741. First Dist., Div. Two. Jan. 12, 1990.]

SILVER ORGANIZATIONS LTD., et al., Plaintiffs and Respondents, v.
MORTON FRANK et al., Defendants and Appellants.

**COUNSEL**

Esther Green and Jim Rowan for Defendants and Appellants.

I. R. Goodman for Plaintiffs and Respondents.

## OPINION

## BENSON, J.—

### STATEMENT OF THE CASE

This is an appeal from a judgment against defendants/appellants on a promissory note following trial to the court. Judgment was entered on April 20, 1988, for $30,000 plus interest of $10,200, and notice of appeal was timely filed on June 20, 1988.

The sole issue presented for review is whether the trial court erred in denying appellants' motion to file a compulsory cross-complaint. Appellants contend that the trial court, under Code of Civil Procedure section 426.50,[1] is mandated to grant such a motion unless there is a strong showing of bad faith. Respondents take the position that the trial court has discretion to grant or deny such a request, and that the court's denial is particularly supportable where such motion is made on the eve of trial.

We conclude the trial court committed error in denying appellants' motion to file the compulsory cross-complaint because there was no substantial evidence to support a finding that appellants were acting in bad faith. Consequently, we reverse the judgment.

### STATEMENT OF FACTS

On October 20, 1987, respondents filed their action to recover on a note. Appellants filed answers in propria persona in late December 1987. Between the filing of the complaint and the answer, unproductive settlement negotiations took place between the parties. Respondents filed an at-issue memorandum on January 4, 1988, and on January 22, 1988, the matter was set for trial to commence on February 22, 1988. Appellants maintained their in propria persona status in hope the matter could be resolved without retaining counsel. As a precaution, however, they discussed the matter with an attorney who was representing them in a different case. The attorney told appellants he could represent them on this matter should it be necessary.

After it became apparent that settlement discussions would not resolve the matter and the case was set for trial, appellants returned to their attorney to seek his representation. The attorney, however, declined to represent appellants due to a conflict of interest. Appellants then sought representa-

---

[1] All statutory references herein relate to the Code of Civil Procedure and shall be referred to merely by section number.

tion from another attorney who had represented appellants in the purchase and sale transaction which underlies this litigation. This attorney declined to represent appellants due to a pressing work load but directed appellants to his new associate, Mr. Adams, who had no prior knowledge of this case.

On the day set for trial (Feb. 22) Mr. Adams, appellants' new counsel, moved for continuance. The court granted the continuance to April 5, but also assessed terms.

Subsequently, Mr. Adams conducted investigation and discovery, including a deposition of one of the plaintiffs. As a result of this activity Mr. Adams became aware of additional grounds for defending his clients, as well as grounds for filing a cross-complaint. He therefore prepared a 15-page cross-complaint containing 8 causes of action and seeking damages. He then filed a motion seeking leave to file the cross-complaint on March 29, 1988. The motion was denied on April 4, 1988. The matter proceeded to trial on April 5 after which the court entered judgment against appellants.

## DISCUSSION

This case involves the interpretation and application of section 426.50, enacted in 1972, which provides: "A party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court, after notice to the adverse party, shall grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. This subdivision shall be liberally construed to avoid forfeiture of causes of action."

Prior to the 1972 enactment of section 426.50 the standard for reviewing a trial court's denial of a motion to file a compulsory cross-complaint was whether the court had abused its discretion. (*Glogau* v. *Hagan* (1951) 107 Cal.App.2d 313, 320 [237 P.2d 329]; *Dunzweiler* v. *Superior Court* (1968) 267 Cal.App.2d 569, 575-576 [73 Cal.Rptr. 331].) Here, respondent urges, "the Trial Court acted well within its discretion in denying Appellants' Motion for Leave to File Cross-Complaint." ■ We reject the view that the trial court may "exercise discretion" in the denial of a motion to file a compulsory cross-complaint under section 426.50.

The legislative mandate is clear. A policy of liberal construction of section 426.50 to avoid forfeiture of causes of action is imposed on the trial

court. A motion to file a cross-complaint at any time during the course of the action must be granted unless bad faith of the moving party is demonstrated where forfeiture would otherwise result. Factors such as oversight, inadvertence, neglect, mistake or other cause, are insufficient grounds to deny the motion unless accompanied by bad faith.

Notwithstanding the holding in *Gherman* v. *Colburn* (1977) 72 Cal.App.3d 544, 559 [140 Cal.Rptr. 330], that "the statutory terminology [of section 426.50] allows the court some *modicum of discretion* in determining whether or not a defendant has acted in good faith" (italics added), it is our view that *substantial evidence* must support the trial court's decision.

While *Gherman* alludes to a "modicum of discretion" it seems clear its conclusion is based on a determination that substantial evidence supported the trial court's denial of the motion to file a cross-complaint. The court observed: "Where the defendant [moving party] fails to act for a period of over 30 days and waits until the first day of trial, such conduct may be interpreted as *evidence* [italics added] of a lack of good faith *especially* when coupled with the long history of litigation between the parties, which demonstrates that both sides were jockeying for position over the right to a jury trial. . . . [W]e conclude that the trial court impliedly found and concluded that by attempting to file a cross-complaint on the first day of trial, defendants were not acting in 'good faith' but that the motion for leave to file a cross-complaint was merely a tactical, strategic maneuver to deprive plaintiffs of a right to a jury trial." (*Gherman* v. *Colburn, supra,* 72 Cal.App.3d at pp. 559-560.) Similarly, in *Foot's Transfer & Storage Co.* v. *Superior Court* (1980) 114 Cal.App.3d 897, 901-902 [171 Cal.Rptr. 1], while adopting the "modicum of discretion" phraseology of *Gherman,* in resolving the issue before it the court stated: ". . . such implied factual finding [i.e., that the section 426.50 moving party had not acted in good faith] is entitled to an affirmance of the trial court's ruling *if there was substantial evidence to support it.*" (Italics added.)

■ "It is now the settled law of this state that in civil and criminal cases alike, '*substantial evidence*' is such as was elaborated and defined in *Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54]. It is evidence . . . '*of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.*' [Citations.]" (*Bowers* v. *Bernards* (1984) 150 Cal.App.3d 870, 873 [197 Cal.Rptr. 925], italics in original.)

■ In reviewing the question whether the trial court had substantial evidence that bad faith existed in the circumstances surrounding appellants' motion to file the cross-complaint, we are governed by the following

standard: ". . . the power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record,* there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. *If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.*" (*Bowers* v. *Bernard, supra,* 150 Cal.App.3d at pp. 873-874, italics in original.)

Substantial evidence of bad faith will obviously negate good faith, the latter being the sine qua non to the granting of a section 426.50 motion. It is therefore necessary to examine the amorphous concept of bad faith. ■ " 'Bad faith' is defined as '[t]he opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake . . . , but by some interested or sinister motive[,] . . . not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will. [Citation.]' [Citations.]" (*Pugh* v. *See's Candies, Inc.* (1988) 203 Cal.App.3d 743, 764 [250 Cal.Rptr. 195].)

■ Where, as here, the trial court has not provided a reason for its denial of a motion to file a compulsory cross-complaint, we imply its denial is based on a finding that the moving party had not acted in good faith. (See *Foot's Transfer & Storage Co.* v. *Superior Court, supra,* 114 Cal.App.3d at p. 902.)

■ Our review of the entire record fails to reveal, directly or inferentially, any substantial evidence of bad faith by the appellants. Looking at the entire period between the filing of the complaint and the denial of the section 426.50 motion, a time frame of less than six months, we find nothing in appellants' words or conduct remotely suggesting dishonest purpose, moral obliquity, sinister motive, furtive design or ill will.

Following service of process appellants deferred retaining counsel while they sought to dispose of the litigation by a negotiated settlement, a policy favored by the law and certainly an economically sensible decision. (*Finley* v. *Yuba County Water Dist.* (1979) 99 Cal.App.3d 691, 699-700 [160 Cal.Rptr. 423].) Appellants' efforts to secure counsel for representation at trial in the event settlement negotiations failed are patently without indicia of bad faith. Recognizing that the contingency of trial might become reality,

appellants demonstrated reasonable foresight and diligence in seeking and securing the assurance of legal representation. When that representation was belatedly denied appellants, due to an asserted conflict of interest, appellants promptly pursued other legal representation for trial purposes. The attorney selected, appropriately and expeditiously, pursued investigation and formal discovery to familiarize himself with the subject matter of the litigation. This activity, which probably took no more than six to seven weeks, uncovered grounds to file the cross-complaint and the motion was duly made.

While it may be argued that appellants, acting as their own counsel, may have been guilty of neglect, inadvertence or oversight, thereby causing delay, section 426.50 expressly disallows denial of a motion based on these grounds. There must be bad faith and this record fails to demonstrate that element. We conclude the late filing of the motion to file a compulsory cross-complaint absent some evidence of bad faith is insufficient evidence to support denial of the motion.

By the same token, any "surprise" that may be visited on a party due to a belated motion pursuant to section 426.50 may be mitigated by postponement or other conditions to prevent injustice. The legislative committee comment to section 426.50 provides that, "[w]here necessary, the court may grant such leave subject to terms or conditions which will prevent injustice, such as postponement or payment of costs."

■ Respondents, properly so, do not argue that appellants' proposed cross-complaint is not compulsory in nature. It clearly is since it seeks affirmative claims for relief which evolve from "a series of acts or occurrences logically interrelated" and thus is a related cause of action subject to forfeiture if not pleaded in the instant action as provided in section 426.30. (See *Saunders* v. *New Capital for Small Businesses, Inc.* (1964) 231 Cal.App.2d 324, 336 [41 Cal.Rptr. 703].)[2]

Respondents, in their remarkably abbreviated brief, do argue that the causes of action set forth in the cross-complaint could have been raised by appellants in a prior action between them and the seller of the real property involved in the underlying transaction and that the issues raised by the cross-complaint were all raised as defenses in the trial of the complaint but were rejected after a hearing on the merits. These arguments are nothing more than conclusions of counsel made without supporting documentation

---

[2] We emphasize that our opinion deals solely with the denial of a *compulsory* cross-complaint, which, if not pleaded within the action initiated by the complaint will result in a forfeiture of the related causes of action. Amendment to add noncompulsory causes of action are governed by section 473.

or any citation to the record and deserve no consideration from this court. (*Oldenkott* v. *American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207 [92 Cal.Rptr. 127]; *Fox* v. *Erickson* (1950) 99 Cal.App.2d 740, 741-742 [222 P.2d 452].) We point out, however, that if there were merit to these contentions they might be appropriately raised by demurrer, summary judgment, or other pretrial proceeding after the compulsory cross-complaint has been filed.

The judgment is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Kline, P. J., and Smith, J., concurred.