Filed 10/3/14  DiFrank v. Champaneri CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JAMES R. DiFRANK, | B252312 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VC061462) |
| v. | |
| RAJ CHAMPANERI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

Gregory Burke, for Defendant and Appellant.

James R. DiFrank, for Plaintiff and Respondent.

The present case involves a lawsuit between attorney James DiFrank, a Professional Law Corporation ("lawyer") and its former client, Raj Champaneri ("client"). Lawyer sued client for attorney fees allegedly owing as a result of lawyer's representation of client in defense of criminal allegations of bribery, as well as client's appeal before the State Personnel Board of the termination of his employment with the California Department of Transportation. On July 26, 2013, four days after the final status conference, client moved ex parte, pursuant to Code of Civil Procedure section 426.50, for an order for leave to file a compulsory cross-complaint for legal malpractice. After indicating in a tentative decision its intention to grant the motion, the court heard the motion and took the matter under submission. The next day, the court denied the motion, finding that client's request for relief was not made in good faith. No reporter's transcript or authorized substitute detailing the arguments presented on the section 426.50 motion was provided to this reviewing court.

Both parties having waived their right to a jury trial, the case proceeded as a court trial on August 5, 2013. The record on appeal does not reflect the outcome of the trial. Client's appeal of the judgment is limited to the trial court's denial of his ex parte motion for leave to file a compulsory cross-complaint.

## DISCUSSION

Code of Civil Procedure section 426.50 provides that a "party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court, after notice to the adverse party, shall grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. This subdivision shall be liberally construed to avoid forfeiture of causes of action."

2

"Substantial evidence of bad faith will obviously negate good faith, the latter being the sine qua non to the granting of a section 426.50 motion." (*Silver Organizations Ltd. v. Frank* (1990) 217 Cal.App.3d 94, 100.) Here, in ruling on client's motion, the trial court made the factual finding that the motion was brought in bad faith. Consequently, our review of the court's denial of that motion is limited to whether there is substantial evidence to support the court's conclusion that client did not act in good faith.

Client has failed to include a transcript of the hearing in the record on appeal. It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

In numerous situations, appellate courts have declined to reach the merits of an appeal because the lack of a reporter's transcript (or an authorized substitute) made it impossible for this court to review a trial court's order. (See, for example, *Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles, supra,* 43 Cal.3d at pp. 1295-1296 [hearing on motion for attorney's fees]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [judge's ruling on a requested jury instruction]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney's fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528,1536 [reporter's transcript failed to reflect contents of a special jury instructions]; *Buckhart v. San Francisco Residential Rent Etc., Bd.* (1988) 197 Cal.App.3d 1032,1036 [hearing on Code of Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [hearing on a motion to dissolve a preliminary injunction]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer

3

hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure either a reporter's transcript or a settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)

In *Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, the court stated: "The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)" (*Foust v. San Jose Const. Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)

The failure of client in the present appeal to provide a reporter's transcript, or an authorized substitute for same, makes it impossible for this court to properly opine on the sole issue raised in this appeal, that is, whether the trial court's denial of client's motion for leave to file a cross-complaint based on its factual determination that client was not acting in good faith was supported by substantial evidence. This is especially true here, where the trial court was apparently persuaded to change its tentative decision to grant the motion based on the content of the hearing. Therefore, the failure by client to provide

4

an adequate record of that hearing warrants affirmance of the challenged ruling made by the trial court.

## DISPOSITION

The judgment of the trial court is affirmed.  Lawyer is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]


We concur:


MOSK, ACTING P.J.


KRIEGLER, J.

---

[*]    Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.