Filed 11/7/14  U.S. Bank Nat. Assn. v. Singh CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>        Plaintiff and Respondent,<br>v.<br><br>RAJINDER SINGH et al.,<br><br>        Defendants and Appellants. | A140484<br><br>(Contra Costa County<br>Super. Ct. No. C12-00069) |

Rajinder and Tejindar Singh appeal an interlocutory judgment of judicial foreclosure entered in favor of U.S. Bank National Association.  The judgment was entered after the trial court granted the bank's motion for summary judgment.  On appeal, the Singhs challenge the trial court's denial of their requests to continue the summary judgment hearing and for leave to file a cross-complaint.  We affirm.

I.
FACTUAL AND
PROCEDURAL BACKGROUND

This case arises out of a foreclosure dispute involving the Singhs' real property in Danville.  In April 2006, Rajinder Singh (Mrs. Singh) obtained a $1.575 million adjustable-rate loan from First Franklin, a division of National City Bank of Indiana.  The loan was secured by a deed of trust encumbering the property, and the trial court found that the deed of trust was ultimately assigned to U.S. Bank.

In October 2010, Mrs. Singh submitted an application for a loan modification to First Franklin's servicing agent, Select Portfolio Servicing, Inc. (SPS).  Mrs. Singh claims that SPS told her that the application was denied because she had not yet missed a

loan payment. In January 2011, the Singhs made only half of their monthly loan payment. Mrs. Singh explained that was all they could afford. That same month, Mrs. Singh renewed her request for a loan modification. On February 17, 2011, SPS sent Mrs. Singh a notice of default. Over the next several months, Mrs. Singh spoke with various representatives at SPS who advised her to make whatever payments she could while her application for a loan modification was pending.

On January 5, 2012, while Mrs. Singh's second loan modification application was still pending, U.S. Bank filed a complaint for judicial foreclosure against the Singhs. Thereafter, the Singhs communicated with U.S. Bank's attorneys about the possibility of settling the action through the pending application for a loan modification. Over the next several months, U.S. Bank requested and the Singhs provided detailed financial information in connection with the application. The application was denied on August 9, 2012.

Undeterred, the Singhs continued to try to work out a loan modification. Mrs. Singh claims that, in August 2012, U.S. Bank's attorney suggested that the Singhs make an offer to resolve the litigation. Mrs. Singh then immediately handed the attorney a proposal for a modified payment schedule. In January 2013, the attorney told Mrs. Singh that U.S. Bank wanted the Singhs to make another offer, which they submitted shortly thereafter. In April 2013, U.S. Bank requested that the Singhs submit updated financial information. In June 2013, the Singhs received a letter indicating that SPS was still reviewing their application.

While the parties were discussing the possible loan modification, the proceedings in the judicial foreclosure action continued on a parallel track. On March 12, 2012, the Singhs filed their answer. The next month, U.S. Bank served requests for admissions and special interrogatories on the Singhs. The following August, U.S. Bank deposed both of the Singhs. At a February 13, 2013 case management conference, the court set a trial date of August 23, 2013.

On March 19, 2013, U.S. Bank filed a motion for summary judgment with a noticed hearing date of June 14, 2013. The next day, the Singhs retained new counsel to

assist them with the case.  On June 26, 2013, after the parties twice stipulated to a continuance of the motion hearing date, the Singhs filed their opposition.  Among other things, the Singhs argued that U.S. Bank should be estopped from proceeding with judicial foreclosure because its agents misrepresented that U.S. Bank would work with the Singhs to modify their loan and avoid foreclosure.  The Singhs also argued that they were entitled to a continuance of the summary judgment hearing under Code of Civil Procedure section 437c, subdivision (h),[1] so that they could depose the agents of U.S. Bank who allegedly advised them to skip loan payments.  In support of the request to continue the hearing, the Singhs' attorney submitted a declaration stating that the Singhs needed more time to properly conduct discovery, that U.S. Bank had represented that it was willing to work with the Singhs on a loan modification, and that the Singhs relied on these representations to their detriment.

A few days after they filed their opposition, the Singhs filed a motion for leave to file a cross-complaint.  In the proposed cross-complaint, the Singhs alleged that U.S. Bank had mishandled their requests for a loan modification and misrepresented the status of those requests over the previous two years.  The proposed cross-complaint would have asserted causes of action for intentional and negligent misrepresentation, violation of the Unfair Competition Law (UCL), promissory estoppel, and intentional infliction of emotional distress.

On July 11, 2013, the trial court issued a tentative ruling granting U.S. Bank's motion for summary judgment.  The tentative ruling also rejected the Singhs' request for a continuance under section 437c, reasoning that the Singhs had failed to show either diligence in conducting discovery or the need to conduct additional discovery, and that a continuance would be unduly prejudicial in light of the imminent trial date.  At a July 12, 2013 hearing, the court sustained the tentative ruling, denied the Singhs' request for a continuance, granted U.S. Bank's motion for summary judgment, and denied the Singhs' motion for leave to file a cross-complaint.

---

[1] All further statutory references are to the Code of Civil Procedure.

## II.
### DISCUSSION

*A.*    *The Trial Court Did Not Abuse Its Discretion in Denying the Singhs'*
*Request to Continue the Summary Judgment Hearing.*

The Singhs first challenge the trial court's refusal to continue the hearing on U.S. Bank's motion for summary judgment. They argue that a continuance was mandated by section 437c. We disagree.

In relevant part, section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." The drafter's use of the word "shall" indicates that a continuance is mandatory if the conditions of the section are met. (See *Wachs v. Curry* (1993) 13 Cal.App.4th 616, 623.) But "[w]hen a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of [the section], the court must determine whether the party requesting the continuance has nonetheless established good cause therefor. That determination is within the court's discretion." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 716.) Thus, we review the trial court's decision to deny the Singhs' request for a continuance under the abuse of discretion standard, but with the understanding that the trial court's discretion is circumscribed by the statute. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100-101.)

A request for a continuance under section 437c must be accompanied by an affidavit showing: "(1) the facts to be obtained are essential to opposing the motion, (2) there is reason to believe such facts may exist, and (3) the reasons why additional time is needed to obtain these facts." (*Wachs v. Curry*, *supra*, 13 Cal.App.4th at p. 623.) There is some disagreement among the courts of appeal whether a party requesting such a continuance must also establish that it has been diligent in seeking discovery. The majority of courts have indicated that a lack of diligence may be a ground for denying a

4

continuance.[2]  The Fourth District Court of Appeal, however, has questioned the relevance of the diligence inquiry, pointing out that the term diligence is not mentioned in the statute and that the Code of Civil Procedure sets forth a policy favoring disposition on the merits over dismissal for failure to proceed with reasonable diligence.  (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 398-399, citing § 583.130.)

We agree with the majority of courts that a trial court may take into account the moving party's lack of diligence when considering a request to continue a summary judgment hearing under section 437c.  The statute expressly requires the moving party to state the reasons why it cannot present facts essential to opposing the summary judgment motion.  A reasonable inference from this requirement is that trial courts may consider these reasons, including those that may relate to the party's diligence, in deciding whether or not to grant the continuance.  While we conclude that diligence may be taken into account, we do not hold that the request must be denied if diligence is found to have been lacking.  The trial court must exercise its discretion to determine whether a party's lack of diligence, in combination with the other factors set forth in section 437c, warrant a continuance of the hearing.

In this case, the Singhs' lack of diligence is apparent.  The record shows no effort on the part of the Singhs to engage in discovery in the 18 months between the beginning of this case and their opposition to U.S. Bank's motion for summary judgment.[3]  The only documents filed in support of their opposition were the declarations of Mrs. Singh and the Singhs' attorney, the notice of default, and correspondence between the Singhs and either SPS or U.S. Bank's attorneys.

---

[2] See *Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1039; *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 257; *Knapp v. Doherty*, *supra*, 123 Cal.App.4th at p. 102; *Desaigoudar v. Meyercord* (2003) 108 Cal.App.4th 173, 190; *FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 76; *A & B Painting & Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 356-357; *O'Laskey v. Sortino* (1990) 224 Cal.App.3d 241, 251.

[3] At the July 12 hearing on the summary judgment motion, the Singhs' counsel stated that his clients had noticed a deposition for July 8, well after the due date for the Singhs' opposition.  The deposition was postponed due to objections.

In his declaration opposing U.S. Bank's motion for summary judgment, the Singhs' attorney stated that his clients declined to assert certain claims and defenses because they detrimentally relied on the false representations of U.S. Bank, essentially suggesting that U.S. Bank led them to believe that discovery was unnecessary because the case would be settled through a loan modification. But the Singhs' contention that they were lulled into a false sense of security has no basis in the record. The facts set forth in the declarations and documents attached to the Singhs' summary judgment response merely show that U.S. Bank repeatedly rejected the Singhs' requests for a loan modification and that U.S. Bank was often slow to respond to the Singhs' settlement offers. There is no indication that U.S. Bank guaranteed that it would grant the Singhs' application for a loan modification or that U.S. Bank represented that it was considering nothing other than settlement options. Indeed, U.S. Bank's discovery demands clearly indicated that it was prepared and willing to litigate its claims.

The Singhs argued in their briefs and reiterated at oral argument that they should have been allowed discovery to show that they had an affirmative defense under *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872 (*Jolley*) because U.S. Bank failed to consider their loan modification requests in good faith. The Singhs asserted that they could not have pursued discovery on this claim while seeking a loan modification. But we cannon perceive why this is the case since the Singhs asserted this claim as an affirmative defense in their answer 18 months earlier. The Singhs also argued that U.S. Bank's bad faith was not apparent until it moved for summary judgment in March 2013.

But U.S. Bank rejected the Singhs' first and second loan modification requests in late 2010 and August 2012, respectively.[4]

Accordingly, we conclude that the trial court did not abuse its discretion in denying the Singhs' request to continue the hearing on U.S. Bank's motion for summary judgment.

B.      *The Trial Court Properly Denied the Singhs' Motion for Leave to File a Cross-Complaint.*

The Singhs next argue that the trial court erred in denying their motion for leave to a file a cross-complaint.  We are not persuaded.

Under section 426.50, a party who fails to plead a compulsory cross-complaint, "whether through oversight, inadvertence, mistake, neglect, or other cause," may apply for leave to file the cross-complaint "at any time during the course of the action."  The statute further provides that the court shall grant leave to file a cross-complaint to assert a cause of action "if the party who failed to plead the cause acted in good faith," and that "[t]his subdivision shall be liberally construed to avoid forfeiture of causes of action."  Thus, to a large extent, trial courts lack discretion in reviewing a motion to file a compulsory cross-complaint.  (*Silver Organizations Ltd. v. Frank* (1990) 217 Cal.App.3d 94, 98 (*Silver*).)  If there is no showing of bad faith, the trial court must grant the motion.

---

[4] Moreover, we doubt that the Singhs have an affirmative defense under *Jolley*.  In that case, the court found that the lender owed a duty of care because the dispute involved a construction loan, "where the relationship between the lender and borrower is ongoing." (*Jolley*, *supra*, 213 Cal.App.4th at p. 901.)  In contrast, a residential lender does not owe a common-law duty of care to offer, consider, or approve a loan modification.  (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 67.)  A residential borrower may still state a claim for negligent misrepresentation where a lender makes "an inaccurate or untimely communication about a foreclosure sale or about the status of a loan modification application."  (*Id.* at p. 69.)  However, in this case, we suspect that the Singhs would be unable to establish reasonable reliance in light of U.S. Bank's decision to foreclose on the property through a judicial foreclosure lawsuit.  The lawsuit and the adversarial relationship it created should have clarified any confusion about U.S. Bank's intent.  In any event, the Singhs should not have needed additional time to discover misrepresentations of which they obviously were aware since any such statements were made directly to them during the course of the underlying litigation.

(*Id.* at p. 97.) But the trial court may exercise discretion in determining whether there has been a showing of bad faith. (*Id.* at p. 99.)[5]

Here, the trial court did not make express findings on the issue. At the hearing, the trial court commented that the Singhs' motion for leave to file a cross-complaint was not "a timely application." If we were to construe the trial court's comment as a denial of the motion based exclusively on its timeliness, we would conclude it constituted error. But we decline to do so. The trial court only briefly commented on the issue orally, and we may imply other findings if they are supported by substantial evidence. (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148-1149.) The pertinent inquiry is whether there is "substantial evidence that bad faith existed in the circumstances surrounding [the] motion to file the cross-complaint." (*Silver*, *supra*, 217 Cal.App.3d at p. 99.) Substantial evidence is "evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value." (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.) On substantial-evidence review, we are "without power to substitute [our] deductions for those of the trial court. If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion." (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 874, italics omitted.)

"[B]ad faith is . . . an 'amorphous concept' . . . which 'necessarily varies with the context' . . . and thus has 'no generally accepted "correct definition." ' ' " (*Walbrook Ins. Co. v. Liberty Mutual Ins. Co.* (1992) 5 Cal.App.4th 1445, 1455.) The term may imply " 'actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake . . ., but by some interested or sinister motive[,] . . . not simply bad judgment or

---

[5] U.S. Bank argues that, under section 426.30, the proposed cross-complaint is not compulsory—and thus not subject to section 426.50—because the asserted causes of action arose after the Singhs filed their answer. This is not entirely accurate. At least some of the facts forming the basis for the asserted causes of action arose before the answer was filed, including facts pertaining to the Singhs' first application for a loan modification.

negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.' " (*Pugh v. See's Candies, Inc.* (1988) 203 Cal.App.3d 743, 764, quoting Black's Law Dict. (5th ed. 1979) p. 127.)

We conclude that substantial evidence supports an implied finding that the Singhs filed the cross-complaint in bad faith for the improper purpose of delaying a hearing on U.S. Bank's motion for summary judgment. The cross-complaint was filed only days after the Singhs asked the court to continue the hearing on U.S. Bank's motion for summary judgment and only a few weeks before the scheduled trial date. The Singhs concede that the proposed cross-complaint is based, at least partially, on facts that occurred before U.S. Bank filed this action, and the Singhs were aware of these facts months before they filed their motion for leave. Indeed, many of the legal theories set forth in the Singhs' proposed cross-complaint were also asserted in the answer the Singhs filed 18 months earlier, including the claims that U.S. Bank did not consider the Singhs' loan modification application in good faith and that U.S. Bank violated the UCL. While these facts may support inferences other than bad faith, such as inadvertence and neglect, on substantial-evidence review we must defer to inferences favoring the trial court's ruling.

The Singhs' reliance on *Silver*, *supra*, 217 Cal.App.3d 94, is unavailing. In *Silver*, the appellants deferred retaining counsel while they sought to negotiate a settlement. (*Id.* at p. 100.) After negotiations failed, they hired an attorney who expeditiously pursued investigation and formal discovery over six or seven weeks. (*Id.* at p. 101.) This discovery uncovered grounds for a cross-compliant, which was filed on the eve of trial. (*Ibid.*) The court found that the appellants may have been guilty of neglect, inadvertence, or oversight, but there was no evidence of bad faith. (*Ibid.*) In contrast, here there is no indication that the Singhs uncovered new grounds for their counterclaims through discovery. Moreover, the Singhs' motion conspicuously coincided with their separate request to continue the summary judgment hearing.

9

Because we find substantial evidence supports an implied finding of bad faith, we affirm the trial court's denial of the Singhs' motion for leave to file a cross-complaint.

## III.
## DISPOSITION

The judgment is affirmed.

_____
Humes, P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.