Filed 5/27/25  Morillo Construction v. Royal Construction etc. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MORILLO CONSTRUCTION, INC., | B335772 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No.22STCV16148) |
| v. | |
| ROYAL CONSTRUCTION & ARCHITECTURAL CORPORATION et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed in part, reversed and remanded in part with instructions.

Feldman & Associates, Mark A. Feldman and John Paul Cosico; Ferguson Case Orr Paterson, John A. Hribar for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Mark I. Wraight and Elizabeth C. Farrell for Defendant and Respondent Wells Fargo Bank.

Jung & Yuen, Curtis C. Jung and Clifford P. Jung for Defendant, Cross-Complainant and Respondent East West Bank

———————————

In connection with a construction project, general contractor Morillo Construction, Inc. issued multiple checks jointly payable to its subcontractor and other vendors.  The subcontractor deposited the checks and did not pay the vendors.  Morillo sued the subcontractor, alleging that its misappropriation of the funds forced Morillo to pay over $200,000 to the unpaid vendors.  Morillo also sued its bank, East West Bank, asserting that the bank improperly processed the checks without requiring endorsement by both listed payees.  East West filed a cross-complaint against the subcontractor's bank, Wells Fargo Bank, for indemnification.  The claims and cross-claims involving the banks are the subject of this appeal.

Wells Fargo moved for summary judgment on the cross-complaint, arguing that East West was not liable to Morillo on the underlying complaint, and thus there was no basis for indemnification.  East West did not file its own summary judgment motion.  Instead, it filed a non-opposition to Wells Fargo's motion, in which it requested that the court also grant summary judgment in favor of East West as to Morillo's complaint.  The court found that Wells Fargo had met its burden to establish that Morillo would not prevail on its underlying claims against East West, and therefore East West had no basis for the cross-complaint.  The court accordingly granted summary judgment for Wells Fargo on the cross-complaint.  The court also granted summary judgment on Morillo's complaint in favor of East West based on the same findings.

On appeal, Morillo challenges both orders granting summary judgment. We agree with Morillo that entry of judgment on Morillo's complaint was

2

improper where defendant East West never affirmatively moved for summary judgment. We therefore reverse the judgment on Morillo's complaint in favor of East West and remand for further proceedings.

Morillo also appeals from the judgment in favor of Wells Fargo on East West's cross-complaint. Because Morillo was not a party to the cross-complaint, Morillo recognizes it has standing to appeal from this judgment only if we conclude that the trial court's findings in favor of Wells Fargo could bar Morillo's claims under the doctrine of issue preclusion. We conclude that issue preclusion is inapplicable here and thus, that Morillo lacks standing to challenge the summary judgment granted on the cross-complaint. That judgment is therefore affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The Complaint and Cross-Complaint

In May 2022, Morillo filed a complaint against subcontractor Royal Construction & Architectural Corporation (Royal), as well as Wells Fargo, East West, and several others.[1] Morillo, a licensed general contractor, hired subcontractor Royal to work on a development project in Pomona, California in June 2020. Morillo alleged that it issued 18 checks made jointly payable to Royal and various subcontractors and vendors from January to May 2021, totaling over $263,000. Morillo alleged that Royal deposited all 18 of the checks into Royal's bank account at Wells Fargo, "without the endorsement of any of the 18 co-payees and sometimes without Royal's endorsement."

Around the same time, Royal "abandoned" the development project. On August 30, 2021, one of Royal's subcontractors contacted Morillo because it had not been paid by Royal. Morillo investigated and learned that Royal's chief executive officer, Eva Neumann, had cashed all 18 checks herself. Morillo was compelled to pay an additional $225,951 to Royal's subcontractors and vendors to keep the project going.

As relevant here, Morillo alleged causes of action against its bank, East West, for breach of written contract and breach of implied covenant of good faith and fair dealing. Morillo alleged that East West breached its deposit

---

[1] Morillo dismissed Wells Fargo from the complaint without prejudice on August 11, 2022.

account agreement by charging Morillo's account for checks that were not properly endorsed and by failing to provide adequate fraud protection. Morillo also alleged that it promptly notified East West once it became aware of the issues with the checks.

Morillo attached as exhibits to the complaint a copy of its subcontract with Royal and the forgery claim Morillo filed with East West on March 1, 2022. Morillo's forgery affidavit included images of both sides of the checks at issue, showing that some of the checks had no endorsement signatures and some contained one signature.

In August 2022, East West filed a cross-complaint against Wells Fargo, Royal, and Neumann. East West alleged that Wells Fargo "wrongfully processed and honored" the checks even though they were missing endorsements from the joint payee or had no endorsement at all. As against Wells Fargo, East West alleged claims for breach of warranty, money had and received, implied and equitable indemnity apportionment/contribution, and declaratory relief.

## II. Summary Judgment

### A. *Motion*

Wells Fargo filed a motion for summary judgment on the cross-complaint in August 2023. It argued that East West had not suffered any loss because Morillo "failed to timely report the 18 checks to East West as required by its contract." Thus, "there is no loss for [East West] to shift to Wells Fargo."

In its separate statement, Wells Fargo identified as an undisputed material fact that the written deposit agreement governing Morillo's account with East West required Morillo to report any unauthorized debit within 60 days "after the date of your statement or the date the information about the item or transaction is made available to you, whichever is earlier." Wells Fargo further contended that Royal deposited the last check at issue into its Wells Fargo account in early June 2021 and it appeared on Morillo's June 2021 bank statement from East West, but Morillo did not notify East West of any unauthorized debits until September 2021, more than 60 days later. Wells Fargo argued that Morillo's claims against East West therefore were untimely and "precluded by the written terms and conditions of the Deposit

4

Agreement." As a result, East West had no viable claim for damages in its cross-complaint against Wells Fargo. Wells Fargo also submitted the purported deposit agreement for Morillo's account produced by East West, monthly account statements produced by Morillo, and excerpts of deposition testimony by Morillo's person most knowledgeable.

In October 2023, Morillo filed a motion for leave to file a first amended complaint and an ex parte request to continue the summary judgment hearing and trial. In its motion for leave to file a first amended complaint, Morillo sought to add additional claims against East West for negligence, reformation, and declaratory relief. Morillo contended it needed to add these new theories of relief due to recent discovery received from East West and assertions made by Wells Fargo in its motion for summary judgment. According to Morillo, both East West and Wells Fargo now contended that East West was not liable because the deposit agreement required Morillo to "discover the bank's errors even though this information was omitted from paper statements," while Morillo sought to plead that it was entitled to rely on paper statements and not information (such as images of the backs of deposited checks) available only online. The court denied the ex parte application on October 18, 2023. The motion remained set for hearing after the hearing on the motion for summary judgment.

B. *Opposition and Reply*

East West filed a "response" to Wells Fargo's summary judgment motion on October 20, 2023. East West stated that it did not oppose the motion, because it agreed that it had a complete defense to Morillo's claims. East West also filed a "response" to the separate statement, in which it did not dispute any of the material facts identified by Wells Fargo. East West requested that if the court granted summary judgment for Wells Fargo, the court "should find no liability by [East West] for Plaintiff's claim . . . and that Plaintiff cannot recover against [East West] on the complaint" pursuant to the doctrines of collateral estoppel and res judicata.

Morillo opposed Wells Fargo's summary judgment motion on October 20, 2023. Although it was not a party to the cross-complaint, Morillo argued it had standing to oppose the motion because the outcome would directly affect Morillo's claims against East West. Substantively, Morillo argued that

the central premise of the motion was improperly based on East West's "self-serving discovery responses and Deposit Agreement that there is no record of Morillo having agreed to or received." It further contended that it had no notice of any issues with the checks until it was contacted by the unpaid vendor in August 2021, because the monthly paper account statements did not include images of the backs of the checks. Additionally, Morillo argued that even by viewing the check images online, it could have seen that the checks were missing one or both endorsements, but still would not have been on notice that one payee had failed to pay the other.

In its opposing separate statement, Morillo disputed that it was aware of or agreed to the terms of the deposit agreement, that the terms of the agreement triggered the 60-day notice requirement, and that its monthly account statements provided the necessary notice of wrongdoing. Morillo also included a declaration from its vice president and chief financial officer Pierre Morillo, stating that the company received paper account statements each month from East West, containing only copies of the fronts of cancelled checks, and that for security reasons, Morillo did not use online banking. He also stated that he had "no record of ever receiving" the deposit agreement from East West and had never reviewed or discussed it prior to this action, nor would he have agreed to use online banking. Morillo also submitted an expert declaration from a financial fraud expert and evidentiary objections to Wells Fargo's evidence, including to the account documents produced by East West.

Wells Fargo replied, arguing that Morillo lacked standing to oppose its motion. Wells Fargo also contended that Morillo failed to raise any evidence to dispute the material facts at issue. Additionally, Wells Fargo objected to Morillo's evidence.

### C.    *Hearing and Ruling*

At the November 13, 2023 hearing on Wells Fargo's motion for summary judgment, the court issued a tentative ruling granting the motion and then heard oral argument from Morillo and Wells Fargo. At the conclusion of the hearing, the court adopted its tentative ruling as the final order. In the written ruling, the court first overruled all of Morillo's and Wells Fargo's evidentiary objections. The court next determined that Morillo had

standing to oppose the motion for summary judgment, reasoning that a determination of the issues "would affect and potentially aggrieve both East West and Morillo." The court declined to consider the proposed first amended complaint as grounds for denying summary judgment, stating that it would consider that proposal "at the time previously scheduled for such consideration."

Turning to the substance of the claims at issue, the court quoted the provisions of the deposit agreement between East West and Morillo, concluding that the terms of the agreement were clear: "you [i.e., Morillo] agree not to assert a claim concerning any problem unless you have notified us [i.e., East West] of such problem within 60 days after we mailed you the statement or otherwise made the information available to you." The court also noted that while Morillo disputed the extent of its access to online banking, Morillo did not dispute that East West made its account information available online. The court concluded that there were no triable issues of material fact as to East West's liability to Morillo and therefore Wells Fargo was not liable to East West on the cross-complaint. The court therefore granted summary judgment in favor of East West and against Morillo on the complaint, and in favor of Wells Fargo and against East West on the cross-complaint.[2]

The court entered judgment in favor of East West on the complaint and in favor of Wells Fargo on the cross-complaint. Morillo timely appealed from the judgments in favor of both East West and Wells Fargo.

## DISCUSSION

### I.     Standard of Review

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained . [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) We interpret the evidence in the light most favorable to plaintiff as the nonmoving party, and resolve all doubts about the propriety of

---

[2]     The court subsequently denied Morillo's motion for leave to file an amended complaint.

granting the motion in the plaintiff's favor. (*Lonicki v. Sutter Health Central* (2008) 43 Cal.4th 201, 206.)

A defendant moving for summary judgment must make a prima facie showing that there are no triable issues of fact in order to meet its initial burden of production. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 861; see also Code Civ. Proc. § 437c, subd. (c).)[3] Once the defendant has met that burden, the burden shifts to the plaintiff to make a prima facie showing that a triable issue of material fact exists. (*Id.* at p. 850.) The opposing party must make that showing with admissible evidence. (§ 437c, subd. (d); *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761 ["Only admissible evidence is liberally construed in deciding whether there is a triable issue."]; accord, *Esparza v. Safeway, Inc.* (2019) 36 Cal.App. 5th 42, 57; *Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 846.)

## II. Analysis

### A. *Summary Judgment for East West*

Morillo's primary challenge on appeal is to the grant of judgment in favor East West on Morillo's complaint. Morillo contends that this was error because East West never filed a motion for summary judgment as required by section 437c. We agree. "Case law is clear that a court may not grant summary judgment in favor of a party who has not filed a summary judgment motion." (*McCarthy v. CB Richard Ellis, Inc.* (2009) 174 Cal.App.4th 106, 119.) "Where a remedy as drastic as summary judgment is involved, due process requires a party be fully advised of the issues to be addressed and be given adequate notice of what facts it must rebut in order to prevail." (*San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* (2002) 102 Cal.App.4th 308, 316.) That did not happen here, because East West did not move for summary judgment on Morillo's complaint.

Section 437c sets forth clear and detailed procedural requirements for summary judgment. A party moving for summary judgment must file a notice of motion and supporting papers a specified number of days before the hearing (§ 437c, subd. (a)(2)); the motion "shall" be supported by "affidavits,

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken"; and the supporting papers "shall" include "a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed" (§ 437c, subd. (b)(1)). East West's request for summary judgment of Morillo's claims in its non-opposition to Wells Fargo's motion did not meet these requirements.

Morillo cites several cases that we agree are instructive. In *Village Nurseries, L.P. v. Greenbaum* (2002) 101 Cal.App.4th 26, for example, the plaintiff brought a malpractice action against two law firms and an individual attorney. The law firms filed motions for summary judgment; the individual attorney filed a joinder to the other defendants' motions. (*Id.* at p. 35.) The trial court granted summary judgment to all defendants. (*Ibid.*) On appeal, the court affirmed the judgment as to the law firms, but reversed as to the individual attorney. (*Id.* at p. 46.) The appellate court explained that the attorney "never filed a motion for summary judgment in his favor or a separate statement in support of such a motion." (*Ibid.*) Further, his "notices of joinder failed to constitute a motion for summary judgment in his favor pursuant to Code of Civil Procedure section 437c." (*Id.* at p. 47; see also *Frazee v. Seely* (2002) 95 Cal.App.4th 627, 636 [joinder motion insufficient to meet moving party's burden under section 437c].)

Similarly, in *Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, the plaintiff moved for summary judgment. The defendant opposed, but also requested that the court grant summary judgment in its favor, citing a local rule that did not require an affirmative motion. (*Id.* at p. 1254.) The trial court granted summary judgment for the defendant, but the appellate court reversed, finding that the local rule conflicting with section 437c was invalid. (*Id.* at p. 1255.) As the court explained, "Summary judgment, although a very useful tool in litigation, is also a drastic remedy. Because of this, it is important that all of the procedural requirements for the granting of such a motion be satisfied before the trial court grants the remedy." (*Id.* at p. 1256.)

Here, it is undisputed that East West did not meet the requirements of section 437c. It did not file a motion for summary judgment of the claims

asserted against it in Morillo's complaint, or a separate statement of undisputed facts addressing Morillo's claims.  Indeed, it did not even file a joinder in another defendant's motion on Morillo's complaint.  Instead, it filed a "response" to Wells Fargo's motion regarding a separate pleading with different claims and parties—East West's cross-complaint, which involved only the issue of indemnity among the two banks.  In this response, East West stated that it did not oppose the entry of summary judgment on the cross-complaint and asked the court to enter judgment in East West's favor on Morillo's complaint, which the court did.

This was error.  Wells Fargo's motion sought summary judgment of the claims made by East West in the cross-complaint against Wells Fargo.  Although Wells Fargo based its motion on an argument regarding the underlying validity of Morillo's complaint, Wells Fargo was not a party to the complaint and did not move for judgment on any claims in the complaint.  Thus, East West's non-opposition to Wells Fargo's motion on the cross-complaint did not satisfy East West's own burden to move for summary judgement under section 437c on the claims separately asserted in Morillo's complaint.

East West cites no authority to the contrary.  Instead, it characterizes its failure to move for summary judgment as a "harmless procedural error" and argues that Morillo would not be prejudiced because it had the opportunity to oppose Wells Fargo's motion.  Not so.  Whether Morillo can ultimately prevail in opposing a motion for summary judgment focused on the claims alleged in its complaint is not before us; indeed, such a motion was never filed.  Moreover, as discussed further in Section II.B., *post*, Morillo lacks standing to challenge Wells Fargo's motion.  Thus, it would be patently unfair to allow East West to avoid satisfying its initial burden on summary judgment by importing the findings from another motion to which Morillo was not a party on an indemnity claim that did not involve Morillo.  The procedural requirements of section 437c are not mere niceties; they protect

the due process rights of the parties.  East West chose not to move for summary judgment. It was accordingly not entitled to obtain that remedy.[4]

**B.**     ***Standing to Appeal from Judgment on Cross-Complaint***

Morillo also appeals from the judgment granted in favor of Wells Fargo on East West's cross-complaint.  The threshold issue is whether Morillo has standing to do so.  We conclude it does not.

There are two ways in which Morillo could potentially have standing to appeal judgment on the cross-complaint.  First, a party to the cross-complaint who is also "aggrieved by the order or judgment from which the appeal is taken" has standing.  (*Vitatech Internat., Inc. v. Sporn* (2017) 16 Cal.App.5th 796, 803–804, citing *In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 13; § 902.).  Second, Morillo could have standing to appeal as a nonparty to the cross-complaint who would be affected by claim preclusion.  (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295 ["A person who would be bound by the doctrine of res judicata, whether or not a party of record, is ... [entitled] to appeal."].)

There is no dispute that Morillo was not a party to the cross-complaint. Thus, Morillo does not have standing as an aggrieved party to appeal from the judgment entered on the cross-complaint.  (See *Shearer v. United California Theatres* (1955) 133 Cal.App.2d 720, 722-723 [plaintiff lacked standing to appeal summary judgment entered in favor of cross-defendants in cross-action to which she was not a party].)

As such, the only basis for Morillo to have standing to appeal a judgment on the cross-complaint is if it would be bound by the judgment

---

[4]     In a footnote, East West suggests that Morillo "arguably" forfeited an objection to the failure to comply with section 437c by failing to raise it at the hearing.  To the extent East West intended to claim forfeiture, "[f]ootnotes are not the appropriate vehicle for stating contentions on appeal."  (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947, citing *Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 160; see also Cal. Rules of Court, rule 8.204(a)(1)(B).)  "We do not have to consider issues discussed only in a footnote."  (*Evans v. CenterStone Development Co., supra,* 134 Cal.App.4th at p. 160.)

under the doctrine of claim preclusion, or res judicata.[5] (*Marsh v. Mountain Zephyr, Inc., supra,* 43 Cal.App.4th at p. 295.) Morillo asserts this standing as a failsafe argument, arising only *if* we conclude that claim preclusion applies. It primarily agrees with Wells Fargo that claim preclusion should *not* apply to the court's ruling on East West's cross-complaint, and therefore that Morillo does not have standing to appeal the judgment entered for Wells Fargo. East West disagrees. In its respondent's brief, it argues that issue preclusion, or collateral estoppel, bars Morillo from relitigating the court's findings regarding Morillo's claims.

Issue preclusion, an aspect of claim preclusion, "'precludes relitigation of issues argued and decided in prior proceedings.'" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896; see also *Patel v. Crown Diamonds, Inc.* (2016) 247 Cal.App.4th 29, 39.) East West acknowledges that in order to apply issue preclusion, several requirements must be met, including that "the party against whom preclusion is sought must be the same as or in privity with the party to the former proceeding." (*Mills v. U.S. Bank* (2008) 166 Cal.App.4th 871, 896, quoting *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 (*Lucido*).) But East West fails to demonstrate how this requirement would be satisfied, where Morillo was neither a party to the cross-complaint nor in privity with a party. Indeed, the two banks were united in their contention that East West was not at fault for Morillo's losses, which was directly adverse to Morillo's interests. "The party asserting collateral estoppel bears the burden of establishing these requirements." (*Ibid.*) East West has not met its burden.

Thus, because issue preclusion does not apply and it is undisputed that Morillo was not a party to the cross-complaint, we conclude that Morillo lacks standing to appeal the judgment entered on East West's cross-complaint.

---

[5] Following the direction of the Supreme Court, we "now refer to 'claim preclusion' rather than 'res judicata' [citation], and use 'issue preclusion' in place of 'direct or collateral estoppel.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 326.)

**DISPOSITION**

The judgment on the complaint in favor of East West is reversed. The judgment on the cross-complaint is affirmed. The matter is remanded to the trial court for further proceedings. Morillo is entitled to its costs as to the appeal from the complaint. Wells Fargo is entitled to its costs as to the appeal from the cross-complaint.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.

DAUM, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.